In the Matter of the Probate of the Will of ALMIRA INGERSOLL, Deceased.

*Will — when a bequest, intended for charitable uses, passes absolutely to the devisee, who is to expend it in his discretion for such purposes.*

A testatrix, by her will, provided as follows:

"VIII. I am desirous of leaving some of my estate to aid in carrying on the work of the Christian ministry, and to uphold the doctrine and faith of the Bible and to aid in extending the Christian religion in the world through the instrumentality of the preaching of the Gospel of Christ; and, desirous of promoting these purposes, I do hereby authorize and empower my executor, hereinafter named, to expend, through the agency of the Baptist church and its various societies, missionary and educational, or in such other way, through the said church or its organizations, as shall be deemed best likely to promote these purposes, such sum as he may deem best, not to exceed one thousand dollars; and in order that my executor may be enabled to do (so) without hindrance, I give and bequeath to him the said sum of one thousand dollars, and the same is to him, and his heirs and assigns, forever, for the uses and purposes before stated; and I rely upon him to carry out the wishes and purposes that I have hereinbefore indicated, and that those interested in my estate will co-operate in carrying on the work that I, by this bequest, desire to promote."

*Held*, that the clause was not void for uncertainty, but was an absolute unconditional bequest of $1,000 to the executor of said will, to be used by him, in his discretion, for the general purposes mentioned in said clause. (Macomber, J., dissenting.)

Appeal by Norman M. Allen, the executor named in the will of Almira Ingersoll, from a decree of the Surrogate's Court of Cattaraugus county, entered in the office of that court on the 11th day of December, 1890, adjudging the eighth clause of said will to be null and void; and also from so much of said decree as adjudged that said will, except said eighth clause, be admitted to probate.

*W. S. Thrasher*, for the executor, proponent, appellant.

*F. J. Blackmon*, for the contestant, respondent.

DWIGHT, P. J.:

The clause of the will held void by the surrogate is in the following terms:

"VIII. I am desirous of leaving some of my estate to aid in carrying on the work of the Christian ministry, and to uphold the doctrine and faith of the Bible, and to aid in extending the Christian religion in the world through the instrumentality of the preaching of the Gospel of Christ, and, desirous of promoting these purposes, I do hereby authorize and empower my executor, hereinafter named, to expend, through the agency of the Baptist church and its various societies, missionary and educational, or in such other way through the said church or its organizations as shall be deemed best likely to promote these purposes, such sum as he may deem best, not to exceed one thousand dollars; and, in order that my executor may be enabled to do (so) without hindrance, I give and bequeath to him the said sum of one thousand dollars, and the same is to him and his heirs and assigns forever, for the uses and purposes before stated, and I rely upon him to carry out the wishes and purposes that I have hereinbefore indicated, and that those interested in my estate will co-operate in carrying on the work that I, by this bequest, desire to promote."

The findings or conclusions of law of the surrogate, relating to this provision of the will, are as follows:

"I find, hold and decide as conclusions of law:

"*First*. That the said eighth clause of said will above set forth is invalid and void for uncertainty, there being no beneficiary or legatee named who can enforce payment of the bequest.

"*Second*. That the executor named in said will is not entitled to take such bequest, or any part thereof, as trustee or otherwise, except in his capacity of executor."

The correctness of these conclusions alone is challenged on this appeal, and the question presented calls for a construction of the provision quoted, with a view, namely, of determining whether its purpose was to create a trust or to make an absolute gift to the person subsequently named as executor. If the former, it was manifestly

void for want of beneficiaries designated, or capable of being ascertained; if the latter, it was a valid disposition, notwithstanding that with the words of gift is associated a clear expression of the general purpose and intention with which the gift is made. We think the latter is the true interpretation of the provision, and that it may be upheld as a valid gift of $1,000 to Norman M. Allen, the person afterwards named as executor of the will.

The fact that the gift is, in form, absolute, and not in trust, is not decisive of its character; neither is the use of words of inheritance, but both are circumstances which may be considered in determining what was the intention of the testatrix. It is true that words of inheritance are not necessary to an absolute gift, but they are consistent therewith, and when used in that connection are merely surplusage; whereas, so far as they go, they contradict the theory of a trust. They are words of limitation used to describe the nature and duration of the estate given. (*Matter of Wells,* 113 N. Y., 396.) In this case they are part of a formula which is employed in every provision of the will which makes an absolute gift of money to a legatee named. The formula is, "and the same is to him and his heirs and assigns forever."

But the question is not to be determined by inquiry of the technical meaning of particular words and phrases, but by a consideration of the provision as a whole, and a deduction therefrom, if possible, of the real intention of the testatrix. (*Riker* v. *Cornwell,* 113 N. Y., 115.) So considered, it is plain (1), that the primary object in the mind of the testatrix when she made this provision was the promotion of Christianity in the world; (2) that she desired to contribute to the accomplishment of that object through some one or more of the agencies or instrumentalities organized within the Baptist church; (3) that she chose not to select the particular agency or agencies to be employed, nor the particular object or objects to be aided, nor even to determine, except by a maximum limit, the amount of money to be devoted to any one or all of such objects, but (4) chose to substitute for her own the judgment and discretion of another person, and (5) to give to him the means with which to accomplish the purposes which she had in view. Here the confidence reposed in the donee and the discretion given to him are absolute, and the gift itself is absolute in form, while the words indicating

the use to be made of the gift are precatory merely.    In *Phillips* v. *Phillips* (20 N. Y. St. Rep., 301) FINCH, J., recognizes the principle that precatory words may, in some instances, create a trust or impose a charge, but he deduces from all the cases the rule that whether such words have that effect or not, depends upon " whether the alleged bequest is so definite as to amount and subject-matter as to be capable of execution by the court, or whether it so depends upon the discretion of the general devisee as to be incapable of execution without superseding that discretion."    And special reference is made to the case of *Lawrence* v. *Cooke* (104 N. Y., 632), where RAPALLO, J., says : " It is not for the courts to repudiate the confidence which the testator chose to repose in the defendant, and to assume a power which was not intended to be exercised by them."    It is true that in both of the cases cited the question was between a *valid* trust and an absolute gift ; but this distinction does not defeat the application of the reasoning and conclusion in those cases to the case in hand.    If the terms of the bequest were not such as to create a valid trust when the beneficiary was clearly designated, a provision similar in other respects would not be construed as an attempt to create a trust, which must be invalid for want of a certain beneficiary.    The essential element common to the two cases is the absolute discretion in the use of the gift, vested in the donee, which equally forbids the construction that a trust was created in one case and that a trust was sought to be created in the other.    In *Foose* v. *Whitmore* (82 N. Y., 405) it was said by DANFORTH, J., that " the tendency of modern decisions is not to extend the rule or practice which, from words of doubtful meaning, deduces or implies a trust ; " and the test prescribed in that case was whether the wish or desire expressed by the testator is meant to control the conduct of the party to whom it is addressed or is merely an indication of a wish leaving it to the legatee to exercise his own discretion;    It is difficult to conceive a case in which the discretion given to the legatee could be more full and absolute than in the case at bar ; and it is in order to enable him to exercise that discretion " without hindrance " that the testatrix declares : " I give and bequeath to him the said sum of one thousand dollars, and the same is to him and his heirs and assigns forever, for the uses and purposes before stated, and I rely upon him to carry out the wishes and purposes that I

have hereinbefore indicated." As was said by RAPALLO, J. (*supra*), " it is not for the court to repudiate the confidence thus reposed." We are bound to assume that it was a well-placed confidence and that the legatee will faithfully observe the wishes and make such use of the fund as will fully satisfy the benevolent intentions of the testatrix.

Upon these principles, we think the learned surrogate was in error in the conclusions of law quoted above ; that the eighth clause of the will is not invalid, but that Norman M. Allen, the person named as executor, takes the sum of $1,000, individually and absolutely, to be used and employed by him, in his discretion, for the general objects and purposes mentioned in the clause in question.

The decree of the surrogate must be reversed and the proceeding remitted to him with directions to enter the decree indicated by this opinion.

CORLETT, J., concurred.

MACOMBER, J. (dissenting) :

I cannot concur in the conclusion reached by a majority of the court for a reversal of the decree of the surrogate of Cattaraugus county.

The surrogate admitted the will to probate as a will of personal estate, except as to the eighth clause thereof, and adjudged that clause void for uncertainty. The eighth item is as follows :

" I am desirous of leaving some of my estate to aid in carrying on the work of the Christian ministry, and to uphold the doctrine and faith of the Bible ; and to aid in extending the Christian religion in the world through the instrumentality of the preaching of the Gospel of Christ; and desirous of promoting these purposes, I do hereby authorize and empower my executor, hereinafter named, to expend through the agency of the Baptist church and its various societies, missionary and educational, or in such other way, through the said church or its organizations, as shall be deemed best likely to promote these purposes, such sum as he may deem best, not to exceed one thousand dollars ; and in order that my executor may be enabled to do (so) without hindrance, I give and bequeath to him the said sum of one thousand dollars, and the same is to him and his heirs and assigns forever, for the uses and purposes before stated, and I rely

upon him to carry out the wishes and purposes that I have hereinbefore indicated, and that those interested in my estate will co-operate in carrying on the work that I, by this bequest, desire to promote."

As was held by the surrogate, it is impossible to determine who or what is the legatee named in this item of the will. The Baptist church is not a corporation; but the religious and charitable purposes expressed by the testatrix were to be accomplished only through the agency of the Baptist church and its various missionary, charitable and educational societies. This provision, in my judgment, falls directly within the condemnation of the decisions given in *Levy* v. *Levy* (33 N. Y., 97) and many succeeding cases, particularly in the case of *Prichard* v. *Thompson* (95 id., 76).

It is claimed, however, that the last clauses of this item of the will constitute an absolute gift to the executor, and that, consequently, the bequest is valid. In my judgment, an answer to this contention is found in the language of the will itself, by which the pervading purpose of the testatrix was to give the sum of $1,000 to benevolent, charitable and missionary purposes, and that the words of the bequest to the executor and his heirs and assigns were used simply to overcome the otherwise legal objection which could be made to any effort to carry out such illegal intention. The language of the testatrix is, " and in order that my executor may be enabled to do (so) without hinderance, I give and bequeath to him the said sum of one thousand dollars, and the same is to him and his heirs and assigns forever, *for the uses and purposes before stated*." There is, in fact, no absolute gift to the executor; "the uses and purposes before stated " are the uses and purposes which the law uncompromisingly says are not of practical attainment. The legatee could not take this bequest honestly without making an effort to carry out the intention of the testatrix. As was said by Judge FINCH in *Matter of O'Hara* (95 N. Y., 414), " it does not need that the absolute legatees repudiate their promise, for if ever so honorably willing to perform it, they cannot do so without setting at defiance and secretly evading the law and general policy of the State. The alternative is plain and offers no chance of escape. If the legatees repudiate their obligations, that is a fraud upon the dead woman, who acted upon the faith of their promise. If they are willing to perform they cannot perform, except by a fraud upon the law, to which they and

the testatrix are equally parties." "If in the one the fraud grows out of a refusal to perform, which would be the voluntary act of the legatee repudiating his promise, and so an actual fraud; in the other it grows out of the impossibility of performance, except in defiance of the public law, which is.legally a fraud. In neither event can the legatee honestly hold. In both either fraud triumphs or equity defeats it through the operation of a trust and protects those justly entitled." Again the learned judge says at page 420 : "We have thus an important question squarely presented. If equity will not touch this devise by putting a trust for the heirs-at-law and next of kin upon the fund in the hands of these legatees, the road to an evasion of our statutes and to the temptations of necessity or greed will be left wide open."

In my judgment the case before us is much stronger against the validity of this item of the will than was the case arising under the will of O'Hara. In the *O'Hara Case* the will upon its face was valid, but the testatrix by a separate writing requested that the legatees should not take in their own right, and she relied upon them to carry out her illegal intentions. In the case before us the illegality of the bequest, the unlawful intention of the testatrix is plainly seen by the terms of the will itself. I think the decree was right and that it should be affirmed.

Treating this part of the will as a gift to benevolent, charitable and missionary purposes, there is another reason why the same must be deemed to be absolutely void, irrespective of the proposition that the beneficiary named therein was not ascertainable; and that is the fact that the will was not executed more than two months before the death of the testatrix. She made the will the 20th day of May, 1890 ; she died in the month of June in that year, the precise date thereof not appearing anywhere in the case; the surrogate, in his decision, finding that she died at the time named in the petition for letters testamentary, and the petition fails to give the day of the month of June in which she died. But it clearly appears that not two months elapsed between the making of the will and her death. So that under the statute (chap. 319, Laws of 1848 ; 1 Birdseye's R. S., 262), which invalidates bequests and devises to benevolent, charitable, scientific and missionary societies, made within two

months before the death of the testator, the attempted bequest became wholly inoperative.

In my judgment, the decree appealed from should be affirmed.

Decree of the surrogate of Cattaraugus county reversed, with costs of both parties payable out of the estate, and the case remitted to the surrogate to enter a decree admitting the whole will to probate.