HARDIN, P. J., and MARTIN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

In the Matter of the Last Will and Testament of JANE G. CAMPBELL, Deceased.

HENRIETTA L. BUTLER, Appellant; TRUSTEES OF THE PAROCHIAL FUND OF THE PROTESTANT EPISCOPAL CHURCH IN THE DIOCESE OF WESTERN NEW YORK, Respondent.

*Will — an issue is essential to the surrogate's power to construe it at the time of probate — a party having no interest under the will may not ask for a construction — consent does not give jurisdiction.*

Under section 2624 of the Code of Civil Procedure, providing that if a party expressly puts in issue before a surrogate the validity, construction or effect of any disposition of personal property contained in the will of a resident of the State of New York, executed within the State, the surrogate must determine the question upon rendering a decree, a surrogate has no authority to construe a will or to adjudicate upon its terms upon the motion of a party having no interest under the will.

The niece of a testatrix, having no interest under her will, filed objections to its probate, and subsequently, without a contest, the will was admitted to probate. Upon the motion of the niece the surrogate inserted in the decree of probate an adjudication that a certain trust created by the will was valid, but filed no decision containing a separate statement of the facts found and his conclusions of law.

Upon appeal from such decree by the residuary legatee,

*Held,* that no issue was made, and that the surrogate was without jurisdiction to adjudicate in regard to the trust.

A so-called case was made after the appeal was taken, and upon its settlement the appellant presented to the surrogate certain requests to find.

*Held,* that this act should not, under the circumstances, be deemed a consent by the appellant that the surrogate might construe the will, and that even if it could be so regarded, her consent would not-confer jurisdiction.

APPEAL by Henrietta L. Butler, as sole residuary legatee under the will of Jane G. Campbell, deceased, from that portion of a

decree of the Surrogate's Court of Schuyler county, entered in said court on the 12th day of March, 1891, which decreed "that the provisions in said will giving to Henrietta L. Butler the sum of $15,000 in trust, and the subsequent direction for the disposition thereof, is legal and valid."

The person who filed objections to the probate of the will, Elizabeth C. Foster, was a niece of the testatrix.

*M. J. Sunderlin*, for the appellant.

*A. P. Rose*, for the respondent.

MERWIN, J.:

On the 19th of January, 1891, Jane G. Campbell died leaving as her sole heirs and next of kin Henrietta L. Butler and Elizabeth C. Foster, and leaving a last will and testament bearing date June 27, 1889. In and by this will provision was made for the payment of debts and a number of legacies, and then came the following items:

"Item: I give and bequeath to my niece, Henrietta L. Butler, the sum of fifteen thousand dollars in trust nevertheless, said sum to be invested by her as she may think best and the proceeds thereof to be used for the support of a clergyman who shall hold divine services in the Lawrence Memorial Chapel at Cayuta Lake as often as may be convenient, and for such other purposes in keeping up the Church services as she may think advisable, and at the death of the said Henrietta L. Butler the said sum of fifteen thousand dollars shall be paid to the trustees of the Parochial Fund of the Protestant Episcopal Church in the Diocese of Western New York, to be held by them, and the income therefrom used for paying a clergyman who shall hold divine services in the Lawrence Memorial Chapel at Cayuta Lake as often as convenient, and to keep up and in good repair the said Lawrence Chapel and cemetery at Cayuta Lake.

"Item: All the rest and residue of my property, both real and personal, of every description, I give, devise and bequeath to my niece, Henrietta L. Butler, and constitute her my residuary legatee, and should any legacy or devise herein lapse or be held by any competent court to be invalid, then the part of my estate included therein shall go to my said niece, Henrietta L. Butler, the residuary legatee and devisee of all my property."

FOURTH DEPARTMENT, JULY TERM, 1895.            [Vol. 88.

On the 23d of January, 1891, George H. Butler and Henrietta L. Butler, the executors named in the will, filed with the surrogate of Schuyler county their petition in the ordinary form for the proof of the will. A citation was issued, returnable February 24, 1891, which was served on Mrs. Foster February fifteenth. On the return day the executors and petitioners appeared in person, and Mrs. Foster in person and by counsel, and asked for time to answer. This was apparently granted and the matter adjourned to March 12, 1891. On the 5th of March, 1891, Mrs. Foster, by her attorney, filed an unverified answer in which she stated that she appeared and contested the probate of the will on four grounds : *First*, that the decedent was not a resident of Schuyler county and the Surrogate's Court of that county had no jurisdiction. *Second*, that the will was not properly executed. *Third*, " she alleges and charges that the clause or provision in said will giving to Henrietta L. Butler the sum of fifteen thousand dollars in trust, and the subsequent direction for the disposition thereof, are illegal and void." *Fourth*, that the will was procured by undue influence and was void Upon the adjourned day the petitioners appeared, and Mrs. Foster appeared by counsel, and the formal deposition of the subscribing witnesses was taken. There appears to have been no contest over the probate. Upon the same day the decree admitting the will to probate was entered. In this, after that part by which the will is admitted to probate, there is a clause, purporting to be made on motion of the counsel for Mrs. Foster, by which " it is further adjudged that the provisions in said will giving to Henrietta L. Butler the sum of fifteen thousand dollars in trust, and the subsequent direction for the disposition thereof, is legal and valid."

It is claimed by the appellant that the surrogate had no right to make any adjudication affecting her rights as residuary legatee ; that there was no issue under the provisions of section 2624 of the Code that authorized the surrogate to construe the will. That section is as follows :

" 2624. But if a party expressly puts in issue before the surrogate the validity, construction or effect of any disposition of personal property contained in the will of a resident of the State, executed within the State, the surrogate must determine the question, upon rendering a decree, unless the decree refuses to admit the

will to probate, by reason of a failure to prove any of the matters specified in the last section "

Mrs. Foster, upon whose motion the adjudication in question was made, had no interest under the will. If the trust for any reason was invalid, she was not affected, for it is expressly provided that if any legacy is invalid, it shall go to the residuary legatee. Nor did Mrs. Foster have any interest, so far as it appears, in sustaining the trust. A case is, therefore, presented where the court upon motion of a party having no interest in the matter assumes to construe and adjudicate upon the terms of the will. We are of the opinion that section 2624, above cited, confers no authority for this and that no issue within the meaning of that section was before the surrogate. (*Jones* v. *Hamersley*, 4 Dem. 427.)

But it is said that the appellant consented that the surrogate might construe the will. Consent would not confer jurisdiction. (*Matter of Will of Walker*, 136 N. Y. 20, 29.) There was certainly in the present case no express consent, and it should not, I think, be inferred. The allegation of Mrs. Foster as to the trust was put forward as one of the grounds for contesting the probate, and when the contest was in substance abandoned and the will admitted to probate, it might well have been inferred by the residuary legatee that all action or attempted action on the part of Mrs. Foster would be ended and that the surrogate would not be called on in her behalf to make any order about it. The proceeding was not treated as a trial of a question of fact under section 2545 of the Code. No decision was filed containing a separate statement of the facts found and the conclusions of law. If the case was not a trial under section 2545, it would not seem to be necessary for the appellant to file exceptions to the provisions of the decree in order to take advantage of its invalidity. If the subject of the construction of the will was not properly before the surrogate, that defect was not waived by the appellant by presenting requests on the settlement of a so-called case after the appeal was taken. It is not clear that there was any authority for presenting requests, or for making a case, or that any was in fact made. Attaching records together and calling the bundle a case does not make it one.

Upon the points on either side the question as to the validity of the trust is discussed, but on each side one or more facts are assumed to exist that are quite material to the views of either counsel and that do not appear in the record before us. We have no right to go outside of the record for the facts, and it is quite apparent that the question in controversy cannot be properly determined as the record here stands.

The decree so far as appealed from should, we think, be reversed, on the ground that the question as to the validity of the trust was not properly before the surrogate, and he had no authority to act upon it.

HARDIN, P. J., and MARTIN, J., concurred.

Decree of Surrogate's Court so far as appealed from reversed, on the ground that the question as to the validity of the trust was not properly before the surrogate. Costs of the appeal to the appellant payable from the estate.