# 96                  BUTLER *v.* TRUSTEES.

HENRIETTA L. BUTLER, as Residuary Legatee under the Last Will and Testament of JANE G. CAMPBELL, Deceased, Plaintiff, *v.* THE TRUSTEES OF THE PAROCHIAL FUND OF THE PROTESTANT EPISCOPAL CHURCH IN THE DIOCESE OF WESTERN NEW YORK, Defendant.

*Trust — uncertain beneficiary — parochial fund, to be used, under chapter 59 of 1863 and chapter 144 of 1885, in support of parishes, contemplates a legal body as a beneficiary — statutory construction — chap. 701, Laws 1893, is not retroactive.*

The will of one Jane G. Campbell, among other things, bequeathed to her niece, Henrietta L. Butler, the sum of $15,000, in trust, to invest and to use the proceeds thereof to support a clergyman who should hold divine services in the Lawrence Memorial Chapel at Cayuta lake as often as might be convenient, and for such other purposes in keeping up church services as Henrietta L. Butler might think advisable, and at her death the sum was to be paid to the trustees of the Parochial Fund of the Protestant Episcopal Church in the Diocese of Western New York, to be held by them and the income thereof to be used for paying a clergyman who should hold divine services in the said memorial chapel as often as convenient, and also for the purpose of keeping it in repair, as well as its cemetery adjacent. It appeared that this chapel was a private enterprise, unincorporated, and was not connected in any manner with any church or religious association or corporation of any kind; that the cemetery was also private property and that any services that had been conducted in the memorial chapel had been paid for by the Lawrence family out of its own funds.

*Held*, that the trust created for the life of Henrietta L. Butler was void because it did not name a definite or ascertainable beneficiary, there being in existence no person, corporation or clergyman who could enforce the trust;

That the trust attempted to be created, after the death of Henrietta L. Butler, in the trustees of the Parochial Fund of the Protestant Episcopal Church in the Diocese of Western New York was not one which that corporation could take under the statute incorporating it, since the act of incorporation (Chap. 59 of the Laws of 1863, as amended by chap. 144 of the Laws of 1885), authorizing the trustees of the parochial fund in question to take by bequest and to hold property " for clerical support or parsonage aid in particular parishes, * * * for the benefit and interest of any parish in said diocese," contemplated an organized body, having legal existence; and the language of the will in question did not specify any particular parish or any organized body which should receive the income;

That chapter 701 of the Laws of 1893, providing that no bequest "shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same," had no retroactive force and did not apply to a case where the property had, by the death of the testatrix, vested before the statute went into effect.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*M. J. Sunderlin*, for the plaintiff.

*A. P. Rose*, for the defendant.

HARDIN, P. J.:

Jane G. Campbell died on the 19th day of January, 1891, being a resident of the town of Catherine, Schuyler county. She left her last will and testament which bears date the 27th day of June, 1889. The will was admited to probate on the 12th of March, 1891, by the surrogate of Schuyler county, and letters testamentary were issued to George H. Butler and to the plaintiff, who were the persons named in the will as executors and who have qualified as such. The surrogate gave a construction to a portion of the will and his decision was brought before us and was reversed by us " on the ground that the question as to the validity of the trust was not properly before the surrogate." (See 88 Hun, 374.)

Subsequent to our decision, and in September, 1895, this submission was agreed to by the parties. According to the language of the submission we are asked to decide, viz.: " Whether or not the following clause contained in the last will and testament of Jane G. Campbell, deceased, constitutes a legal and valid trust, viz.: Item: I give and bequeath to my niece, Henrietta L. Butler, the sum of fifteen thousand dollars, in trust nevertheless, said sum to be invested by her as she may think best, and the proceeds thereof to be used for the support of a clergyman, who shall hold divine services in the Lawrence Memorial Chapel at Cayuta lake as often as may be convenient, and for such other purposes in keeping up the church services as she may think advisable, and at the death of the said Henrietta L. Butler, the said sum of fifteen thousand dollars shall be paid to the trustees of the Parochial Fund of the Protestant Episcopal Church in the Diocese of Western New York, to be held by them, and the income thereof used for paying a clergyman, who shall hold divine services in the Lawrence Memorial Chapel at Cayuta lake as often as convenient, and to keep up and in good repair the said Lawrence Chapel and cemetery at Cayuta lake."

It is claimed in behalf of the plaintiff that the attempt to create a trust as to the $15,000 is invalid, and that the provisions of the will in that regard are void, and that, as she is the sole residuary legatee named in the will, she is entitled to receive the $15,000 as her own property. On the contrary, the defendant claims that a legal and valid trust is created under the will, and that the plaintiff can only hold the same subject to the provisions contained in the language used for the purpose of attempting to create a trust, and that, upon the decease of the plaintiff, the $15,000 must pass to the defendant for the uses and purposes mentioned in the will. It appears that on the 1st day of June, 1888, the testatrix was the owner in fee of a farm consisting of about 194 acres, situated in the town of Catherine, and that by her deed she conveyed the same to the plaintiff, and that the plaintiff became the owner of the same, and that upon the lands was a residence and that the lands were used and occupied as a farm. In the submission presented to us, we find that "Lawrence Memorial Chapel and the Cemetery at Cayuta lake," mentioned in the said will, are situated on the farm of 194 acres so conveyed by the testatrix to the plaintiff. It appears that this chapel was erected a number of years prior to the death of the testatrix by contributions of the Lawrence family and its descendants "as a mortuary chapel for holding the funeral services of the family in. It is a stone structure 25 by 55 feet, and one story high, and when erected it was the intention of some of those furnishing the funds for its construction to hold nothing but funeral services of the family therein, but since its erection divine services have been held therein at times at the instigation of said Lawrence family and paid for exclusively from their own private funds." It is further stated that the Lawrence family were Episcopalians and that funeral services of other denominations have been held in the chapel, but only by permission of the owners of the chapel as an accommodation to the neighbors. The case further states, viz.: "There is not now, nor has there ever been, any church organization, or religious association, society or corporation of any kind connected in any way or manner with said chapel or cemetery, and there is not, nor has there ever been, any incorporation of the cemetery under the statute or in any other way. Neither has there

ever been any board of trustees, managers or vestrymen, or any other religious or corporate officers of any kind connected with either the chapel or cemetery or having any interest therein or control of the same or any part thereof, but the same has always been the private property of the owner of said farm, and has been in the possession of some one of the Lawrence family or said descendants down to the present time, the said Henrietta L. Butler, the present owner, being a niece of the said Jane G. Campbell, deceased, who was one of the Lawrence family, and both of them contributed to the erection of said chapel. Said chapel and cemetery are situated on said farm, several miles away from any village or hamlet, and divine services have only been held in said chapel when some one or more of said Lawrence family have procured and paid for the same from their own private funds." The plaintiff resides in the city of New York. Schuyler county is a part of the diocese of Western New York.

According to the language used in the will it was manifestly the intention of the testatrix that the $15,000 should be received by the plaintiff in trust and held by her during her lifetime for the purpose of gathering "the proceeds thereof," and she was directed to use the same for "the support of a clergyman, who shall hold divine services in the Lawrence Memorial Chapel at Cayuta lake as often as may be convenient, and for such other purposes in keeping up the church services as she may think advisable." We think this clause does not name a definite, ascertainable beneficiary, and that it falls within the condemnation of the authorities relating to a trust without certain beneficiaries who can claim its enforcement. (*Levy* v. *Levy*, 33 N. Y. 97; *Iseman* v. *Myres*, 26 Hun, 654; dissenting opinion of MACOMBER, J., in *Matter of Ingersoll*, 59 id. 572, which dissenting opinion was approved by the Court of Appeals, 131 N. Y. 573; *Miller* v. *McKenzie*, 95 id. 575, 576; *Read* v. *Williams*, 125 id. 560; *Tilden* v. *Green*, 130 id. 29; *People* v. *Powers*, 147 id. 115.) The validity or invalidity of the trust does not depend upon the volition of the trustee. (*Holland* v. *Alcock*, 108 N. Y. 312.) We see nothing in the language of the will which defines or names a beneficiary who could call upon the trustee named to execute the trust. Surely it cannot be claimed that the Lawrence Memorial Chapel or the cemetery at Cayuta lake are benefici-

aries within the meaning of the rule of law which requires some definite and certain beneficiary to be named before validity can be assigned to a provision of a will creating a trust.   Nor is any definite clergyman named or mentioned who could apply to the court and compel the plaintiff during her life to execute the trust in his behalf.   The property is so situated that if any itinerant clergyman should attempt to hold services in the chapel he could not do so without the permission of the plaintiff; otherwise he would be a trespasser.   Nor do we find anything in the language of the will which would authorize a party to compel her to open the chapel for the purpose of allowing such a clergyman to hold religious services therein.   If there was an organized parish with wardens and vestrymen, and having corporate powers known by the name of "Lawrence Memorial Chapel," another question would be presented. Under the circumstances disclosed in the case submitted to us we are of the opinion that the trust must fail so far as the will attempts to create it during the lifetime of Henrietta L. Butler.

It is contended in behalf of the defendant that it was entitled to receive the $15,000 at the close of her life under the provision in the will "to be held by them, and the income therefrom used for paying a clergyman who shall hold divine services in the Lawrence Memorial Chapel at Cayuta lake as often as convenient, and to keep up and in good repair the said Lawrence chapel and cemetery at Cayuta lake."   In determining this last contention it is important to refer to the act incorporating the defendant, known as chapter 59 of the Laws of 1863, and the amendment of the 8th section thereof found in chapter 144 of the Laws of 1885.   The 4th section of the act of 1863 authorizes the defendant to receive under the will such fund as shall be "devoted in part to the assistance and support of officiating ministers of the said church, engaged in parochial duty within the said diocese;" the section provides that this portion of the fund shall be called the fund for clerical support; "and in part to the purchase of glebes and the erection of parsonages within the limits of organized parishes in the said diocese, in communion with the said church, and which shall be called 'fund for parsonage aid.'" In the 6th section of the act provision is made for the distribution of such funds, and in prescribing the manner of distribution it is required that application shall be in writing, "signed either by the

minister or by order of the vestry of the parish, and shall state the facts essential to a full understanding of the necessity of the case, and particularly the amounts already contributed or secured toward the support of the minister, or for the erection of a parsonage, as the case may be." This language seems to apply to an organized body having legal existence. In the case before us we find no such organization, no such incorporation, and, therefore, no application could be made, signed by the minister or by order of the vestry of the parish. In the 8th section, as amended by the act of 1885, power is given to receive by bequest and hold, " for clerical support or parsonage aid in particular parishes, * * * for the benefit and interest of any parish in said diocese." If we turn to the language of the will we find that it does not specify any particular parish or any organized body that is to receive the income that may arise upon the $15,000 ; and we are of the opinion that the purposes mentioned in the will are not the purposes which are mentioned in the 8th section of the act under which the defendants are incorporated. The language of the will does not carry the idea that the testatrix intended to apply her bounty " to the whole or any one or more of the various purposes for which " the defendant was authorized to hold property. (*Bird* v. *Merklee*, 144 N. Y. 550.)

Subsequent to the execution of the will the Legislature passed chapter 701 of the Laws of 1893, providing that no bequest " shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same." It is contended that that act enables the defendant to receive the moneys mentioned in the will under consideration. As already stated, the will bears date the 27th of June, 1889, and the testatrix died on the 19th day of January, 1891. We are not inclined to hold that the statute is retroactive in its provisions, and are of the opinion that the statute has no application to the case in hand. In alluding to that statute in *Dammert* v. *Osborn* (140 N. Y. 43) it was assumed that the statute could not apply to a case where the property had vested before its enactment. In the will before us we find a provision as follows : " All the rest and residue of my property, both real and personal, of every description, I give, devise and bequeath to my niece, Henrietta L. Butler, and constitute her my residuary legatee, and should any legacy or

devise herein lapse, or be held by any competent court to be invalid, then the part of my estate included therein shall go to my said niece, Henrietta L. Butler, the residuary legatee and devisee of all my property." We are of the opinion that under this provision of the will Henrietta L. Butler, at the death of the testatrix, became entitled to receive the $15,000, inasmuch as we are of the opinion that the trust attempted to be created in the clause, to which we have given attention, was invalid. We, therefore, reach the conclusion in this case that judgment should be ordered in favor of the plaintiff, declaring that the plaintiff is entitled to the $15,000, and that the clause contained in the will does not constitute a legal and valid trust. We think judgment should be ordered in favor of the plaintiff.

Under the circumstances of this case we think it is proper to award costs to both parties out of the fund. (*Dammert* v. *Osborn*, 140 N. Y. 48.)

MERWIN and PARKER, JJ., concurred.

Judgment ordered in favor of the plaintiff, with costs to both parties, payable out of the fund.