In the Matter of the Application of IDA GRAVES RAYMOND for Trust Funds under the Will of SARAH A. BREWSTER, Deceased, Respondent, now on Deposit with the ROCHESTER TRUST AND SAFE DEPOSIT COMPANY OF ROCHESTER, NEW YORK.

ROCHESTER TRUST AND SAFE DEPOSIT COMPANY OF ROCHESTER, NEW YORK, as Sole Trustee for FREDERICA STURGES under the Last Will and Testament of SARAH A. BREWSTER, Deceased, Appellant.

*Will — direction to accumulate under certain conditions — failure of any proof that such conditions existed — right to accumulate during infancy — power of a surrogate to determine as to the validity of the will.*

The 7th clause of a will provided : "*Seventh.* The other one-fourth part of the said rest and residue of all my property I give and bequeath in trust to Francis Haight of said Brockport and Frederick Belden of Norwalk, in the State of Connecticut, for the use and benefit of my two nieces, Frederica Sturges and Julia B. Sturges, daughters of my deceased sister, Charlotte Sturges, with directions that the said trustees invest and keep invested, in good and safe interest or dividend bearing securities, according to their best judgment, and collect and reinvest such interest or dividends, and pay from all the said fund such sums as they may deem needful for and in the suitable and comfortable support and maintenance of the said Frederica Sturges and Julia B. Sturges. But in no event to contribute or pay any part of said fund for their support until the whole of their own property has been spent for that purpose and their own pecuniary means have been exhausted. At the death of the survivor of the trustees in this item mentioned, I give and bequeath all of said fund, with accumulations then remaining, to my said niece Ida Graves Raymond in trust and upon condition that she assume the same trust and duties as to said fund and its use as are in this item granted to and imposed on the said Francis Haight and Frederick Belden, and pay and contribute in the manner prescribed to them and in no other manner, for the support and maintenance of the said Frederica Sturges and Julia B. Sturges, with the restriction that she, the said Ida Graves Raymond, shall not expend any part of said fund in the support of said Sturges nieces until the whole of their own property and pecuniary means of support have been exhausted in their maintenance. And in no event shall the said Ida Graves Raymond pay out any more money than the amount of means that may come to her custody upon the death of the survivor of the said trustees, Francis Haight and Frederick Belden, and if at the death of the last survivor of the said Sturges nieces any part of said fund shall remain unexpended, I give and bequeath the whole so remaining to the said Ida Graves Raymond, her heirs and assigns." The executor of the will paid the trust fund to Haight and Belden. Haight subsequently ceased to act as trustee, and

FOURTH DEPARTMENT, MAY TERM, 1902.          [Vol. 73.

turned the trust fund over to Belden. Thereafter Belden became insolvent, and a trust company was substituted as trustee in his stead, Haight having died in the meantime. No portion of the trust fund was ever expended for the use and benefit of Frederica Sturges and Julia B. Sturges.

In a proceeding instituted in the Surrogate's Court by Ida Graves Raymond, to obtain an adjudication that she was entitled to the accumulated income of the trust fund and the income thereafter to accrue, on the ground that the direction not to pay any part of the trust for the support of the Sturges nieces "until the whole of their own property and pecuniary means of support have been exhausted in their maintenance," was void under section 4 of the Personal Property Law, it was

*Held*, that such provision of the will would be valid if the Sturges nieces were infants or if they were adults who had no means of support;

That, if the income of the trust fund should have been devoted to the support of the Sturges nieces, the fact that it had been allowed to accumulate did not entitle Ida Graves Raymond to such accumulation;

That the Surrogate's Court had jurisdiction to determine as to the validity of the provision of the will in question, but that, in the absence of any proof as to whether the Sturges nieces were infants or had means of support, a decree adjudging the provision to be void should be reversed, on the ground that there was no competent proof of the facts essential to the determination.

SPRING and WILLIAMS, JJ., dissented.

APPEAL by the Rochester Trust and Safe Deposit Company of Rochester, New York, as sole trustee for Frederica Sturges under the last will and testament of Sarah A. Brewster, deceased, from an order of the Surrogate's Court of Monroe county, entered in said Surrogate's Court on the 31st day of December, 1901, directing said trust company to pay to the petitioner Ida Graves Raymond, who is the sole residuary *cestui que trust* of the trust fund created by the will of one Sarah A. Brewster, deceased, the income of said fund which has already accumulated, and semi-annually such additional income as may hereafter be realized therefrom.

*William Nathaniel Cogswell*, for the appellant.

*Daniel Holmes*, for the respondent.

McLENNAN, J. :

The respondent, Ida Graves Raymond, instituted this proceeding by filing her petition directed to the Surrogate's Court of Monroe county, which was duly verified on the 4th day of November, 1901, in which she asked for substantially the relief granted by the decree

appealed from. The petition, the citation served upon the respective parties, the decree of the Surrogate's Court, from which this appeal is taken, the opinion of the surrogate, and the notice of appeal, constitute the entire record. We are, therefore, confined to the consideration of such facts only as are stated in the petition.

It is alleged, in substance, that one Sarah A. Brewster died in the county of Monroe on the 19th day of August, 1882, leaving a last will and testament which was duly admitted to probate on the 25th day of October, 1882, and duly recorded in the office of the surrogate; that the petitioner is interested as sole residuary *cestui que trust* of the trust created by the 7th clause of said will, which is as follows:

"*Seventh.* The other one-fourth part of the said rest and residue of all my property I give and bequeath in trust to Francis Haight of said Brockport and Frederick Belden of Norwalk, in the State of Connecticut, for the use and benefit of my two nieces, Frederica Sturges and Julia B. Sturges, daughters of my deceased sister, Charlotte Sturges, with directions that the said trustees invest and keep invested, in good and safe interest or dividend bearing securities, according to their best judgment, and collect and reinvest such interest or dividends, and pay from all the said fund such sums as they may deem needful for and in the suitable and comfortable support and maintenance of the said Frederica Sturges and Julia B. Sturges. But in no event to contribute or pay any part of said fund for their support until the whole of their own property has been spent for that purpose and their own pecuniary means have been exhausted. At the death of the survivor of the trustees in this item mentioned, I give and bequeath all of said fund, with accumulations then remaining, to my said niece Ida Graves Raymond in trust and upon condition that she assume the same trust and duties as to said fund and its use as are in this item granted to and imposed on the said Francis Haight and Frederick Belden, and pay and contribute in the manner prescribed to them and in no other manner, for the support and maintenance of the said Frederica Sturges and Julia B. Sturges, with the restriction that she, the said Ida Graves Raymond, shall not expend any part of said fund in the support of said Sturges nieces until the whole of their own property and pecuniary means of support have been exhausted in their

maintenance.  And in no event shall the said Ida Graves Raymond pay out any more money than the amount of means that may come to her custody upon the death of the survivor of the said trustees, Francis Haight and Frederick Belden, and if at the death of the last survivor of the said Sturges nieces any part of said fund shall remain unexpended, I give and bequeath the whole so remaining to the said Ida Graves Raymond, her heirs and assigns."

It is further alleged that the executor under the will of Sarah A. Brewster, after an accounting duly had, and on the 1st day of June, 1885, paid over to the trustees Haight and Belden, named in the 7th clause of the will, the one-fourth part of the estate of the testatrix, which at that date amounted to the sum of $1,904.59.  On the 24th day of July, 1885, Haight ceased to act as trustee, and turned over all of the said fund to his cotrustee Belden.  Thereafter Belden became insolvent and the appellant trust company was duly appointed trustee in his place and stead, Haight in the meantime having died.  Why the appellant was appointed trustee and the petitioner was not permitted to act as such does not appear.  After the appointment of the appellant and on the 30th day of December, 1892, there was turned over to it the *corpus* of the fund, together with the accumulation of interest, which at that time amounted in the aggregate to $2,371.85, and it is alleged that the interest received by the trust company since that time and accumulated by it, added to the amount originally received, amounted in the aggregate, at the date of the presentation of the petition, to $3,408.31, no part of which has been paid out by the appellant to the Sturges *cestuis que trust*, but remains in its possession.  The petitioner then names the persons interested in the fund, and who, it is claimed, are entitled to notice of the proceeding, all of whom duly appeared by their respective counsel upon the hearing.

It does not appear that Frederica and Julia B. Sturges, the *cestuis que trust* named in the 7th clause of the will, were not infants at the time of the death of the testatrix, and at the time this proceeding was instituted.  It is not shown that the *cestuis que trust*, Frederica and Julia B. Sturges, now have or at any time since the decease of the testatrix have had any property or pecuniary means of their own, or that such means, if any they had, has not long since been exhausted in their maintenance and support.  Whether

the expense of such support has in fact been paid, or whether it is a charge upon and should be paid for out of such trust fund, in no manner appears. It only inferentially appears that Frederica Sturges is the surviving *cestuis que trust*, but it does appear that she is insane and incapable of protecting her own interests. The learned surrogate seems to have assumed, as we learn from his opinion, that " both said nieces were of age at the death of the testator," and again, that " no part of this trust fund has ever been expended for the benefit of decedent's nieces, because their property or the property of the survivor of them has not thus far been exhausted in their support." There is not the slightest evidence before us to support either proposition, and while the facts may be as stated by the learned surrogate, because such statements are not controverted by appellant's counsel, we fail to see how we can affirm the decree, if such affirmance must rest solely upon the assumption that such a state of facts exists.

It is claimed on behalf of the respondent that the provision in the 7th clause of the will of Sarah A. Brewster, deceased, that being the only part of the will contained in the record, which provides for the accumulation of the income of the trust fund in case the *cestuis que trust* have property or means of their own with which to pay for their maintenance and support, is violative of the Personal Property Law (Laws of 1897, chap. 417, § 4) and void, and, therefore, that the petitioner, who is the residuary *cestui que trust*, is entitled to receive such accumulated income. The learned surrogate so held and determined. There can be no question as to the correctness of the decision, provided only it appeared the *cestuis que trust* were not infants, or, being adults, that they had means of their own with which to pay for their support, and that the income of the trust fund was not reasonably necessary for that purpose.

A provision in a will of the character in question, if made for minors, is valid, is not violative of any statute, even if it should necessarily result in an accumulation of income, and so it is entirely competent for a testator to give a portion of his estate to trustees, and direct that the income thereof be devoted to the support and maintenance of an adult during the life of such adult. The rule is stated in *Pray* v. *Hegeman* (92 N. Y. 508). At page 515 the court says : " The statute does not permit an accumulation of the rents

FOURTH DEPARTMENT, MAY TERM, 1902.          [Vol. 73.

and profits of land, or the income of personal property, for the benefit of adults for any period of time, however short.   \*   \*   \* It is permitted only in a single case and for a single purpose, viz., during minority and for the benefit of the minor during whose minority the accumulation is directed."

The provision in the will is perfectly valid if Frederica and Julia B. Sturges are infants, and in that case the trustee would be in duty bound to accumulate the income of the trust fund, if any, not required for their support, until they or the survivor of them reaches her majority, or until the trust is terminated by the death of both. The presumption is that the will is valid, and in this case, so far as the question now under consideration is concerned, such presumption can only be overthrown by showing that the *cestuis que trust* were adults. Again, if the *cestuis que trust* had no means of support of their own, it was clearly the duty of the trustee to have applied so much of the income of the trust fund for that purpose as was reasonably necessary; and if such duty existed on the part of the trustee it is of no consequence that up to this time it has failed to discharge such obligation. Instead of turning over to the petitioner such income the trustee should be directed to discharge such obligation, if it exists, which depends entirely upon whether or not Frederica and Julia B. Sturges or the survivor of them has or has had any means with which to defray the expenses of maintenance except the income from the trust fund in question.

The primary purpose of the trust was to make provision for the proper maintenance of Frederica and Julia B. Sturges during their lives, or the life of the survivor. In case their own property, if any, was not sufficient for that purpose, it was made the duty of the trustee to devote the entire fund, both principal and income, to their support if reasonably necessary, whether they were infants or adults. Any direction, however, to accumulate such income, in case it should not be required for the purposes of the trust, would be void if the *cestuis que trust* were adults. If we assume, as did the learned surrogate, that the Sturges nieces were adults, the provision was perfectly valid if the entire income was necessary for their support, and if such income was necessary and should have been applied for that purpose, the fact that it has not been so applied but has been allowed to accumulate, does not necessarily entitle the

petitioner to such accumulation. Assuming that the *cestuis que trust* were adults, it should be determined upon proper evidence whether or not, during the years since the creation of the trust, they had property out of which to pay for their support, or whether the annual income of the trust fund or some part of it ought not to have been devoted to that purpose by the trustee. If it should have been so devoted but was not, through the fault or neglect of the present or of the former trustee, such obligation should now be discharged, and the trust fund now held by the appellant, both principal and income if necessary, applied to that purpose. No. facts appear in the record which can enable the court to properly determine those questions. If Frederica Sturges be the survivor of the *cestuis que trust*, is insane, incapable of protecting her own interests and is without property of her own, if the decree appealed from is given force and effect she would soon become dependent upon charity or upon the State for her support. No decree should be made which would dissipate any part of the trust fund, or put it into the hands of the petitioner, a non-resident of the State, until all the facts above adverted to are ascertained and clearly established by competent evidence.

The learned counsel for the appellant urges that the Surrogate's Court was without jurisdiction to make the decree appealed from, because it involved the construction of a will. We think the position is not tenable. The Surrogate's Court is expressly given jurisdiction "to direct and control the conduct and settle the accounts of * * * testamentary trustees * * * to enforce the payment of debts and legacies, the distribution of the estates of decedents, and the payment or delivery by * * * testamentary trustees of money or other property in their possession belonging to the estate." (Code Civ. Proc. § 2472, subds. 3, 4.)

By section 2481 (subd. 11): "A surrogate, in court or out of court as the case requires, has power * * * to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred."

In order to discharge the duties expressly conferred by statute it is often necessary for a surrogate to examine and in a certain sense construe a will or certain clauses therein. No order for the direc-

tion of a testamentary trustee could be intelligently made without such examination and construction. It is true, as was said in *Washbon* v. *Cope* (144 N. Y. 287): " A surrogate has no jurisdiction to construe the provisions of a will excepting so far as it may be necessary in order that he may properly perform some other duty imposed upon him by law."

The correct rule is stated in Redfield's Law & Practice of Surrogate's Courts (5th ed., p. 218), as follows : "As a necessary incident to their general powers to control executors, to direct the payment or charging of legacies and the like, Surrogates' Courts have always exercised the right and the power to look into the will and determine its true construction; and this power has always been considered to be as extensive as the power to which it is incident."

It was held in *Riggs* v. *Cragg* (89 N. Y. 479) that a surrogate has jurisdiction to pass upon the construction of a will, where the right to a legacy depends upon the question of construction which must be determined before a decree of distribution can be made.

In this case it was necessary for the surrogate, in order to give proper direction as to the distribution of the trust fund in question, which by statute he is expressly authorized to do, to ascertain and determine the meaning of the clause creating the trust. We think this was an incidental power necessary to the power expressly conferred, and, therefore, one which may properly be exercised by the surrogate.

However, for the reasons first adverted to, we think the decree appealed from should be reversed.

HISCOCK and DAVY, JJ., concurred ; SPRING and WILLIAMS, JJ., dissented.

SPRING, J. (dissenting):

I cannot concur in the prevailing opinion. This proceeding was commenced by petition as is usual in Surrogates' Courts and the parties all appeared. The present trustee, the savings bank, appeared by attorney, as did the incompetent beneficiary and her committee. No motion was made to dismiss the proceeding. Whether any proof was given or any stipulation was made reciting the facts does not appear. The record comes to us containing the petition, the order and the decision of the surrogate. Appeals in

that form are quite frequent and we always assume that the facts set forth in the decision are correct. There was no appeal on behalf of the incompetent person or her committee, but the appeal was taken solely by the present trustee of the fund, that is, the bank. No suggestion is made by the appellant's counsel that the facts contained in the decision are incorrect or that adequate proof was not given as a basis for them. What is denominated an opinion in the prevailing opinion is stated by the surrogate himself to be a decision and it is so designated in the order based upon it. It directs at the end what shall be done in the case, following the usual direction of a decision of the Surrogate's Court, and it is signed by the surrogate. It states among the facts that these two nieces, for whom this fund was provided, were of age at the time of the death of the testatrix, which occurred twenty years ago. It also states that the surviving niece is now in an asylum and that her property is nearly exhausted. Every fact which is essential to a proper determination of this motion is noted in the decision of the surrogate. With this situation, I think, we are stretching our power very much in stating that there are no facts to warrant the conclusion which the surrogate has arrived at on the assumption there was no decision and especially when very skillful counsel has not suggested any such point.

In 1885 there had been a judicial settlement of the account of the executors of this estate and the present fund was then set apart. All the facts necessary to a determination of this question were probably developed in the proceedings in the judicial settlement and were among the records in the Surrogate's Court and may have been referred to by assent of the parties to sustain the facts which he finds. In any event the case comes to us with this decision uncriticized in its statement of facts and we should accept it as containing the true statement.

I think the order of the surrogate should be affirmed, with costs against the appellant, the bank, personally.

WILLIAMS, J., concurred.

Decree reversed and rehearing ordered before the surrogate, with costs to the appellant to abide event.