Judgment reversed on the law and on the facts, referee discharged and new trial granted, with costs to appellant to abide the event.

---

In the Matter of the Probate of the Last Will and Testament of JANE DAVIS, Deceased.

ROBERT D. CHITTENDEN, as Administrator, etc., of JANE DAVIS, Deceased, Appointed in Fresno County, California, and THOMAS M. DUNGAN, as Administrator, etc., of JANE DAVIS, Deceased, Appointed in Tulare County, California, Appellants; GEORGE W. FRENCH and Others, Respondents.

*Will — an inquiry as to whether its provisions are effective, because of the death of the sole beneficiary, is not proper in proceedings for its probate — a foreign administrator of the decedent may, on his own application, be made a party thereto — he cannot ask that the will be construed — to what extent the Surrogate's Court may determine its construction — a revocation must be in the manner specified by the statute — costs charged against an administrator, personally.*

When a paper, unrevoked, testamentary in character, purporting upon its face to devise or bequeath real or personal property, executed according to the formalities of the statute by a person of proper age and qualifications, and shown satisfactorily to be of sound mind and not under restraint, is presented to a Surrogate's Court for probate, such court has not authority upon the question of its admission to probate to inquire whether the provisions of the

paper are ineffectual to pass title because the sole beneficiary and executor is dead and the devise or bequest has thereby elapsed, or because the provisions of the instrument are ineffectual to pass the title of the estate to the person named.

A foreign administrator of the estate of a decedent, although he may, upon his own application, be made a party to a proceeding for the probate of the decedent's will in a Surrogate's Court of the State of New York, has no such interest as will entitle him to ask for a construction of the provisions of the will under section 2624 of the Code of Civil Procedure.

As a necessary incident to their general powers to control executors, and to direct the payment or charging of legacies and the like, a Surrogate's Court has jurisdiction to look into the will and determine its true construction, but such court has no inherent power to construe the provisions of a will except in so far as such construction may be necessary in order that it may properly perform some other duty imposed by law upon it.

The construction of a will and the determination as to whether or not its provisions are effectual to pass title are not incident to its admission to probate.

The revocation of a will can be accomplished only in the manner pointed out by the statute (2 R. S. 64, § 42 *et seq.*), which statute supplants and disposes of the entire doctrine of implied revocation.

Costs may properly be charged personally against an administrator appointed in another State, where he has been made a party, on his own application, to proceedings in the State of New York for the probate of a will of the decedent, and has appealed from a decree admitting such will to probate.

APPEAL by Robert D. Chittenden, as administrator, etc., of Jane Davis, deceased, and another, from a decree of the Surrogate's Court of Saratoga county, entered in said Surrogate's Court on the 9th day of December, 1904, admitting to probate a certain paper propounded as the last will and testament of Jane Davis, deceased, bearing date the 19th day of March, 1885.

*Elias H. Peters* and *John H. Burke,* for the appellant Chittenden.

*John L. Henning* and *Irving W. Wiswall,* for the appellant Dungan.

*Edgar T. Brackett, Hiram C. Todd* and *Halstead H. Frost, Jr.,* for the respondents French.

*Herbert J. Menzie,* for the respondent Emma Belle Davis, general guardian.

*William B. Lee,* for the respondent Mary G. Stone.

*William N. Cogswell,* for the respondents Hiram Camp Davis and Sarah Louise Davis.

HOUGHTON, J. :

Jane Davis died leaving a last will and testament in which her sister Delia C. Davis was named as sole devisee and legatee and executrix. Aside from the provisions for such sister and the nominating of her as sole executrix, the will contained no other provision except a revocation of all former wills. One of the next of kin of the deceased testatrix duly filed a petition for its probate.

Shortly before her death Jane Davis became possessed, through the decease of a brother in California, of a large amount of real and personal property situated within that State. The appellant Chittenden was public administrator of the county of Fresno in the State of California, and applied for and was appointed administrator of the goods, chattels and credits of Jane Davis, deceased, in that county, in which some of the property which the deceased had inherited was situated.

Chittenden asked and was granted leave to become a party to the proceeding for probate in this State, and he thereupon filed objections to the probate of the alleged will upon the ground that the sole legatee and devisee and executrix named in the instrument had predeceased the testatrix and, hence, that the paper propounded was not entitled to probate, together with the further objections that the testatrix was not of sound mind at the time of making the instrument, and that it was not properly executed.

There was no attempt on the part of the contestant to show that the deceased was not of sound mind or that the will was improperly executed ; and upon due proof the surrogate found that the alleged testatrix was of sound mind and not under restraint, and was capable of making a will, and that the instrument was properly executed and should be admitted to probate.

Over the objection of the proponents, however, that the evidence was immaterial and irrelevant in that it was offered upon an issue not properly arising in a proceeding for probate, the surrogate admitted evidence showing that Delia C. Davis, the sole legatee and devisee and executrix named in the instrument, died prior to the decease of the testatrix. Because this fact appears, showing that the legacy and devise lapsed and that the executrix named is not in being to qualify, the appellant insists that the paper is a nullity, and that the surrogate erred in admitting it to probate.

The briefs of counsel display much learning and research in the collection of authorities bearing upon what instruments are in fact wills entitled to probate. The most of them relate to instruments not testamentary in character, and not upon their face making a valid disposition of property, and throw little light upon the narrow point involved in this appeal. The question for consideration is simply whether, when there is no occasion to prove a will because an executor who can qualify is named, evidence that all the legacies and devises therein have failed and become a nullity, is material upon proceedings for probate of the instrument. Nor is the question of interpretation by the surrogate under the provisions of section 2624 of the Code involved, for the court below was not asked to interpret the provisions of the alleged will. There was nothing to interpret. Upon its face its provisions were plain and simple and valid. The appellant, by his brief, disclaims that he then or now asks an interpretation of the will in the sense contemplated by that section of the Code, and, indeed, he, as foreign administrator, had no such interest as a party which would entitle him to ask for a construction of its provisions. (*Trustees* v. *Ritch*, 91 Hun, 532; *Matter of Campbell*, 88 id. 374; *Jones* v. *Hamersley*, 4 Dem. 427.)

The provisions of the will being complete, we think evidence of facts showing that those provisions had failed was irrelevant to the issue of its admission to probate.

In our view the true rule of law is that when a paper, unrevoked, testamentary in character, purporting upon its face to devise or bequeath real or personal property, executed according to the formalities of the statute by a person of proper age and qualifications, and shown satisfactorily to be of sound mind and not under restraint, is presented to a Surrogate's Court for probate, such court has not authority upon the question of its admission to probate to inquire whether the provisions of the paper are ineffectual to pass title because the sole beneficiary and executor is dead and the devise or bequest has thereby elapsed, or because the provisions of the instrument are ineffectual to pass title of the estate to the person named. Any other rule would lead to confusion and to the introduction of false issues in the probate of wills.

Upon proceedings for probate beneficiaries need not be cited, but only the husband or wife, if any, and all the heirs at law or all the

next of kin of the testator, or both, as the case may be. (Code Civ. Proc. § 2615.) It is true that any person who is interested in sustaining or defeating a will may make himself a party to the proceeding, and if the probate of the will be opposed the surrogate shall cause to be given to him such notice as he thinks proper (Code Civ. Proc. § 2617), but he has no inherent right to notice in the beginning.

If the surrogate has jurisdiction to inquire as to the death of a sole beneficiary, which would cause a lapse of the legacy, he has jurisdiction to try a contested question of death. If Delia C. Davis had been a stranger to the testatrix instead of her sister, neither she nor her representatives would have been cited, and if her death had been in doubt and the question had been put in issue, if the contention of appellant is correct, the surrogate might have found that she was dead and that the will should not be admitted to probate, when she was in fact alive and capable of taking. The anomalous situation would then have been presented of declaring that the alleged testatrix died intestate, administration upon her estate granted and distribution to her next of kin made, when in fact she left a will bequeathing her estate to a person in being who could take. So, too, the sole beneficiary may be a stranger entitled to take upon condition of having married a certain person, or being engaged in a certain profession, or having refrained from doing a certain thing, for example; he would not necessarily be in court, and, if the issue of death and lapse be proper upon probate, these issues would be proper ones to be determined by the surrogate, and possibly erroneously, without the beneficiary having been heard and having had his day in court.

The same may be said with respect to legacies or devises void by law. The beneficiary has the right to have the will admitted to probate, and the question of whether or not he can take under the provisions of the will determined in the regular way upon an accounting and distribution of the estate.

Wills devising and bequeathing property according to the statutes of descent and distribution, and naming an executor, are not uncommon. Could it be said that the will should be refused probate because the executor named in such a will was dead? The property would be distributed in the same manner as though there was no

will; but, while the paper would be quite ineffectual, if properly executed by a competent person we cannot see how it could be ignored and refused probate.

A Surrogate's Court has no inherent power to construe the provisions of a will, excepting so far as it may be necessary in order that it may properly perform some other duty imposed by law upon it. (*Washbon* v. *Cope*, 144 N. Y. 287.) As a necessary incident to their general powers to control executors and to direct the payment or charging of legacies and the like, Surrogates' Courts have jurisdiction to look into the will and determine its true construction. (*Matter of Raymond*, 73 App. Div. 11; *Riggs* v. *Cragg*, 89 N. Y. 479.)

The construction of a will and the determination as to whether or not its provisions are effectual to pass title is not an incident to the admission of it to probate. A will may be admitted to probate as one passing real property or personal property, or both, as the surrogate shall determine. In *Matter of Will of Fox* (52 N. Y. 530) the surrogate refused probate of the will as one conveying real estate because it was devised to the government of the United States, which was incapable of taking; and his decree was confirmed. In the later case of *Matter of Will of Merriam* (136 N. Y. 58) the same devise was made, but the surrogate had admitted the will as one valid to pass real property as well as personalty. The contestants appealed, urging that the surrogate had no power to decree probate of the instrument as a will valid to pass real estate. The case turned upon the fact that the appellants were not injured by the decree, because it was not conclusive as to their title; but the powers of the surrogate were discussed, and MAYNARD, J., says: "The surrogate must examine the will to ascertain whether it purports, or is sufficiently comprehensive, to dispose of real property, and if it does he is then to decide that it shall be admitted to probate as a will valid for such a purpose, providing he finds it to have been duly executed * * *. This is the extent of the surrogate's jurisdiction, and the effect of his decision goes no farther. He does not decide that the instrument in fact passes title to any real estate, and he is not charged with any inquiry of that character."

Section 2622 of the Code provides that "before admitting a will

to probate the surrogate must inquire particularly into all the facts and circumstances, and must be satisfied of the genuineness of the will and the validity of its execution."

The source of the language of the section quoted is section 17 of chapter 460 of the Laws of 1837, which provided that "before recording any will or admitting the same to probate the surrogate shall be satisfied of its genuineness and validity." It will be observed that the present language of the Code restricts the inquiry to the "validity of its execution," whereas the earlier provision contained no such restriction, but used the word "validity" generally.

In *Probate of the Will of James McLaughlin* (1 Tucker, 79) the meaning of this earlier provision was considered. The surrogate says: "The requirement of the statute that the surrogate is to be 'satisfied,' before admitting a will to probate, of the validity of the instrument, could never have been intended by the Legislature to impose upon him a thorough examination of the contents of each will propounded before him, whether contested or not, before decreeing probate, and a summary rejection of any and all such as in his opinion might contain a doubtful bequest or provision. * * * Upon the probate proceeding, the surrogate does not examine the contents of the will, except as they bear upon the question of its execution and authenticity, and the capacity of the testator. It is the *factum* of the document that is then under consideration."

By section 11 of chapter 359 of the Laws of 1870 the Legislature conferred upon the surrogate of the county of New York power to construe the provisions of a will on proper application on probate thereof, similar to the powers now possessed by all surrogates under section 2624 of the Code of Civil Procedure. Under this law it was held that the invalidity of the provisions of a will did not constitute an objection to its admission to probate. (*Wade* v. *Holbrook*, 2 Redf. 378.) Even where a party puts in issue before the surrogate the validity, construction or effect of any disposition of personal property under the provisions of section 2624 of the Code, the will itself must be admitted to probate, whatever be his conclusion with respect to the validity of the provisions; for it is provided by the section that his determination must be embodied in his decree, *unless probate is refused* because the will was not properly exe-

THIRD DEPARTMENT, MAY, 1905.                    [Vol. 105.

cuted, or because the alleged testator was incompetent or under restraint.

We have not considered the question whether the proponents have an absolute right to have the will admitted to probate upon the special ground that it revokes all former wills, because we have concluded that that right extends to the will generally.

The appellant urges that the death of the sole beneficiary prior to that of the testatrix effects a practical revocation of the instrument. Of course, if there was any question with respect to the paper propounded having been revoked, or as to its not being the last will of the testatrix, the surrogate would have power to make inquiry and take proof upon the question of revocation or the existence of later wills. The statute (2 R. S. 64, § 42 *et seq.*) provides what acts of the testator shall effect a revocation of a will in fact, and what events shall be deemed to effect a revocation in law. The making of another will declaring revocation or alteration, the burning, tearing, canceling, obliterating or destroying are mentioned as acts which the testator himself may do to effect revocation; and marriage and birth of issue under certain circumstances are acts from which a will shall be deemed revoked. But it is nowhere mentioned that the lapse of a bequest or devise shall effect the revocation of a will. Revocation can be accomplished only in the manner pointed out by the statute. (*Lovell* v. *Quitman*, 88 N. Y. 377.) And the statute supplants and disposes of the whole doctrine of implied revocation. (*Delafield* v. *Parish*, 25 N. Y. 9.)

The surrogate properly ignored the immaterial evidence which he had received respecting the death of Delia C. Davis, and properly admitted the will to probate.

We have concluded that the appellant Chittenden was a proper party to the proceeding if he chose to make himself such; but his interest is a mere technical one, and, under the circumstances, we think the costs of this appeal should be paid by him personally.

The decree of the surrogate should be affirmed, with costs payable by appellant Chittenden personally.

All concurred.

Decree affirmed, with one bill of costs to respondents against appellant Chittenden.