In the Matter of the Probate of the Last Will and Testament
of ALMIRA INGERSOLL, Deceased.

A clause in the will of I., after stating that she desired to leave some of
her estate "to promote certain religious purposes," authorized and
empowered her executor "to expend, through the agency of the Baptist
Church and its various societies   *   *   *   such sum as he may deem
best, not to exceed $1,000," continuing as follows: "In order that
my executor may be enabled to do so without hindrance, I give and
bequeath to him said sum   *   *   *   to him and his heirs and assigns
forever for the uses and purposes before stated, and I rely on him to
carry out the wishes and purposes that I have hereinbefore indicated."
*Held*, that this was not merely an unconditional gift to the executor,
but that the clause attempted to create a trust, which was void for
uncertainty.

*Matter of Ingersoll* (59 Hun, 571), reversed.

(Submitted January 22, 1892; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made April 16, 1891, which reversed a decree of the surrogate
of Cattaraugus county, admitting to probate the will of Almira
Ingersoll, deceased, except as to the eighth clause thereof, and
declaring said clause void for uncertainty and indefiniteness,
and remitted the case to said surrogate to enter a decree admit-
ting the whole will to probate.

The eighth clause of said will is as follows:

" I am desirous of leaving some of my estate to aid in carry-
ing on the work of the Christian ministry and to uphold the
doctrine and faith of the Bible, and to aid in extending the
Christian religion in the world through the instrumentality of
the preaching of the Gospel of Christ, and desirous of pro-
moting these purposes, I do hereby authorize and empower
my executor, hereinafter named, to expend through the agency
of the Baptist Church and its various societies, missionary and
educational, or in such other way through the said church or
its organizations, as shall be deemed best likely to promote
these purposes, such sum as he may deem best, not to exceed
one thousand dollars; and in order that my executor may be
enabled to do so without hindrance, I give and bequeath to

him the said sum of one thousand dollars, and the same is to him and his heirs and assigns forever, for the uses and purposes before stated, and I rely upon him to carry out the wishes and purposes that I have hereinbefore indicated, and that those interested in my estate will co-operate in carrying on the work that I, by this bequest, desire to promote."

The following is the opinion in full:

"We think the judgment of the General Term herein should be reversed and the decree of the surrogate affirmed.

"The eighth clause of the will, we have no doubt, creates a trust, and does not make an unconditional gift of money to the executor, which he could dispose of as he thought fit. The language is not merely precatory. It is clear, distinct and certain, and it gives the money to the executor "for the uses and purposes" named in the clause. Those uses and purposes cannot be carried out. What follows that language is simply a written statement of what is implied in every gift to a trustee, viz., that the donor relies upon the trustee to carry out his wishes.

"It is unnecessary to say more in this case than that we agree generally in the views expressed in the dissenting opinion of Mr. Justice MACOMBER at the General Term upon this point, while expressing no opinion upon the question therein also discussed, whether in any aspect the gift violates the statute in regard to bequests to charitable societies as made within two months before the death of the testator.

"The judgment of the General Term should be reversed and the decree of the surrogate affirmed, with costs of both parties payable out of the estate."

*Fred. J. Blackman* for appellants.

*Thrasher & Leonard* for respondent.

*Per Curiam mem.* for reversal.
All concur.
Judgment reversed.