Jackson, *ex dem.* M. Denniston and others, *against*
Mary Denniston.

THIS was an action of ejectment. The cause was tried at the *Orange circuit*, before Mr. Justice *Thompson*, the 5th *September*, 1808, when a verdict was taken for the plaintiff, by consent, subject to the opinion of the court, on a case containing the following facts:

*George Denniston* died seised of the premises in question, on or about the 10th *January*, 1804, having previously made his will, dated the 21st *December*, 1803. There were three subscribing witnesses to the will, one of whom, *George Denniston*, was a son, and a devisee of the testator. The defendant is the widow of *George Denniston*, the witness, and in possession of the premises devised by the will to *James Denniston*, who was also a witness to the will. *James Denniston* and *James M. Wilkins*, by their deed, dated the 2d *September*, 1808, conveyed the premises to the defendant. The lessors of the plaintiff are heirs at law of *George Denniston*, the testator, and claim two-sixths of the premises. *James Denniston*, at the time

A devise to a witness to a will is absolutely void.

If a defendant in ejectment claims title as tenant in common, he ought to enter into the common rule specially, otherwise, if he enters into the usual consent rule, he cannot object that no *actual ouster* was proved at the trial.

NEW-YORK,
May, 1809.

Jackson
v.
Denniston.

he subscribed the will as a witness, was an infant, and is now about 20 years of age. There was no proof of any actual ouster by the defendant, except her declaration made before the commencement of the present suit, that the lessors were not entitled to any part of the premises.

*Fisk*, for the plaintiff, insisted, that the devise to *James Denniston*, the witness to the will, was void ; and that the premises having descended to the lessors, as the heirs at law of *George Denniston*, the plaintiff was entitled to recover. He relied on the 12th section of the statute concerning wills, by which a devise or bequest to a witness to a will, is declared to be void, as regards such witness.

*J. Radcliff* observed, that he did not deny the general rule as founded on the statute, but the question was, whether a witness to a will could not, by a conveyance to a third person, so divest himself of his interest, as to be a competent witness at the time of his examination, though not so before.* If the devise was void, *ab initio*, then, indeed, there must be an end to the question.

* *Jackson*, *ex dem. Cooder*, v. *Woods*, 1 *Johns. Cases*, 163.

He contended also, that the lessors of the plaintiff, if entitled to recover, must be considered as tenants in common, and that without proving an actual ouster, they could not maintain this action.

*Per Curiam.* The statute is peremptory. It makes the devise to the witness void, and, of course, no title can exist under it. As the defendant claims under a sale by the witness, as devisee, her title must be void.

The lessors claim an undivided part only, and if they show title to any part, they will recover *pro tanto*. If the defendant meant to set up a title as tenant in common, she ought to have entered into the common rule *specially*. As she has not done so, it was not necessary for the plaintiff to prove an actual ouster.(*a*)

Judgment for the plaintiff.

(*a*) See *Sellon's Pr.* 190. 3 *Burr.* 1895.