(37 Misc. Rep. 334.)

## In re JOHNSON'S WILL.

(Surrogate's Court, Herkimer County. February, 1902.)

WILL—PROBATE—LEGATEES WITNESSES TO CODICIL.

Under 2 Rev. St. p. 65, § 50, providing that any subscribing witness to a will wherein any beneficial devise is made to such witness, whose testimony is necessary to prove the will, shall not be entitled to the legacy, does not apply where the legatees under a will are subscribing witnesses to a codicil, and the will alone is proved, and the codicil does not benefit them, and is not necessary to the proof of the will.

In the matter of the probate of the last will of Catherine Johnson, deceased. Probate decreed.

James Conkling, for petitioners.

J. B. & J. E. Rafter, for contestant.

DEVENDORF, S. The petition, as presented and filed herein, alleges that the deceased made and executed a certain instrument in writing, bearing date June 22, 1897, as and for her last will and testament, and that the same, by its terms, relates to both real and personal property. Probate of such instrument is asked by the petitioners, who are two of the executors named. No mention is made of the codicil. Upon the return of the citation issued herein the contestant, one of the next of kin, filed objections to probate, claiming that there was a codicil to said will, and that proof and probate of such will is improper unless proof is also given of the codicil. The subscribing witnesses to the will gave evidence sufficient to entitle it to probate, unless the position of the contestant is well taken. The codicil is indorsed upon the will, and the subscribing witnesses to it are the principal beneficiaries under the will. Hence it is claimed that the legacy to the witnesses who subscribed the codicil is void. The statute provides that:

"If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise, legacy, * * * shall be made to such witness, and such will cannot be proved without the testimony of such witness, the said devise, legacy, * * * shall be void, so far only as concerns such witness, or any claiming under him." 2 Rev. St. p. 65, § 50.

The petition filed makes no mention of the codicil, and the proponent offered simply the evidence of the subscribing witnesses to the will, and then asks its admission to probate. I think the will is entitled to probate without the codicil being proven or established. It is not necessarily a part of the proponent's case. It was not necessary for the proponent, in order to prove the will, or ask for its probate, to introduce proof as to the codicil. I am of the opinion, however, that a beneficiary does not lose his rights under a will in consequence of his being an attesting witness to a codicil ratifying and confirming the will, or by reason of his giving evidence as such. I have not been able to find any decision in point in this state; yet there is English authority on the subject which sustains my view. Denne v. Wood, 4 Law J. Ch. (O. S.) 57; Tempest v. Tempest, 2 Kay & J. 635. It has been said that the bequest of a legacy is not void because the legatee attests a codicil which gives him nothing; neither does a residuary legatee of a share of the residue lose his title by attesting a codicil. Gurney v. Gurney, 3 Drew. 208; Marcus v. Marcus, 57 Law T. (N. S.)

399. In the case at bar no provision is made for the subscribing witnesses in the codicil. If the said witnesses had attested the will, and were necessarily sworn upon a hearing for its probate, undoubtedly the bequest or devise to them would be void; but this will could be and was proved without the evidence of either of said beneficiaries, and the legacy to them is valid, and the will entitled to probate. They were not witnesses to the execution of the will, within the scope and meaning of the statute above referred to; neither was their evidence necessary to establish the will. Had they been sworn, they would have testified to the signing and attesting of the codicil, not to the execution of the will. They attested only the instrument to which they put their names. The legacy to a subscribing witness to a will is not void where the will can be proven without the testimony of the witness,—as where such witness is a nonresident of the state, and the testimony of the other subscribing witness can be obtained. Cornwell v. Wooley, 4 Abb. Prac. (N. S.) 40; Caw v. Robertson, 5 N. Y. 125. This will has been proven by the unchallenged evidence of the two subscribing witnesses. The codicil indorsed thereon, subscribed by the two principal beneficiaries named in the will, has not been offered for probate, excepting as urged by the objections. I have come to the conclusion herein that, in order to obtain probate of this will, it is not necessary for the proponent to offer and establish the codicil; and, again, if it were necessary, and had the subscribing witnesses to the codicil been sworn as such, it would not have rendered the provision for their benefit in the will void. The will may be admitted to probate, and a decree is allowed accordingly.

Probate decreed.