In the Matter of the Judicial Settlement of the Account of Frank Dwyer, as Executor, etc., of Catherine Hutchins, Deceased, Respondent.

Loretta A. Welch and C. Willard Rice, as Special Guardian of Francis Rogan, an Infant, Appellants.

Fourth Department, May 5, 1920.

**Wills — bequest of residuary estate to one who is next of kin and who witnessed will — witness must resort to unbequeathed residuary estate first — Decedent Estate Law, section 27, construed and applied — statutory construction — amount directed to be paid for masses as part of expenses.**

Under section 27 of the Decedent Estate Law, relating to the validity of a devise or bequest to a subscribing witness, a residuary legatee who is one of the next of kin, and whose testimony as a witness to the will is essential to its probate, should resort first to the unbequeathed residuary estate, and if that proves insufficient, he may then recover from the devisees and legatees.

Rules of statutory construction laid down by the courts are only aids to be applied as they are available in the construction of statutes, and in the construction of almost every statute which presents serious difficulties

certain rules of construction have to give way to other rules which are applied in the particular case in an effort to determine the legislative intent.

The construction placed on the said section carries out the intention of the testator and that is what the law requires if it can be done without violating the statute.

It is an elementary rule that a construction is favored which gives effect to every clause and every part of a statute, thus producing a consistent and harmonious whole, and that can be done with section 27 of the Decedent Estate Law by holding that the last sentence, which provides that "he shall recover the same of the devisees or legatees named in the will, in proportion to, and out of, the parts devised and bequeathed to them," affords a remedy, but that such remedy is not exclusive.

The item of $500 directed by the testatrix to be paid for masses should not have been treated as a legacy, but as an expense and deducted in determining the net estate.

APPEAL by Loretta A. Welch and C. Willard Rice, as special guardian, from a decree of the Surrogate's Court of the county of Ontario, entered in the office of said surrogate on the 11th day of January, 1919, settling the accounts of the executor and directing a distribution of the assets.

*Arthur J. Hammond* and *C. Willard Rice,* for the appellants.

*W. Smith O'Brien,* for the executor.

*Lansing G. Hoskins,* special guardian for Frank Dwyer, Jr., and others, respondents.

HUBBS, J.:

The last will of Catherine Hutchins devised all of her real estate, of the value of $3,500, to a nephew and bequeathed $23,500 to fourteen different legatees. The residue of the estate was bequeathed to Margaret E. Dwyer, a sister. On the settlement of the executor's account there remained for distribution $33,646.56. The legacies amounted to $23,500, leaving a residuary estate of $10,141.56 bequeathed to Margaret E. Dwyer. She was a witness to the will and testified on the probate thereof, and it could not have been probated without her testimony. The bequest to her was, therefore, void under section 27 of the Decedent Estate Law. That left the residuary estate undisposed of by the will, and if she were not one of the

next of kin it would be distributed to the next of kin under the Decedent Estate Law, section 98. It is conceded that the share of Margaret E. Dwyer amounts to $9,411.64, or one-fourth of the net estate. That amount is less than she would have taken under the will if she had not been a witness to it.

The surrogate has directed that all legacies be paid in full and that said sum of $9,411.64 be paid to Margaret E. Dwyer, and that the balance of the estate, $734.92, be paid to the next of kin other than Margaret E. Dwyer. It is urged by the appellants that such a distribution of the estate is illegal and contrary to the provisions of section 27 of the Decedent Estate Law. The position of appellants is that Margaret E. Dwyer should recover her one-fourth interest in the real estate from the devisee thereof and her one-fourth interest in the personal property from the legatees thereof; that the residuary estate of $10,146.56 should be paid to the next of kin; and that the devise and legacies should be cut down about forty per cent to make up the share of Margaret E. Dwyer. Under the decree the devisee and legatees get the full amount provided in the will and the next of kin get only $734.92.

Section 27 of the Decedent Estate Law reads:

" If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise, legacy, interest or appointment of any real or personal estate shall be made to such witness, and such will can not be proved without the testimony of such witness, the said devise, legacy, interest or appointment shall be void, so far only as concerns such witness, or any claiming under him; and such person shall be a competent witness, and compellable to testify respecting the execution of the said will, in like manner as if no such devise or bequest had been made.

" But if such witness would have been entitled to any share of the testator's estate, in case the will was not established, then so much of the share that would have descended, or have been distributed to such witness, shall be saved to him, as will not exceed the value of the devise or bequest made to him in the will, and he shall recover the same of the devisees or legatees named in the will, in proportion to, and out of, the parts devised and bequeathed to them."

I have been unable to find any way by which the statute in

question can be construed so as to give full effect to all of the words contained therein when it is applied to the different situations which may arise. If it should be construed as contended for by the appellants, that is by making the share going to an heir or next of kin who is a witness and disqualified from taking under the will a charge only against the shares of the devisees and legatees, it would reduce the statute to an absurdity and make it ridiculous under certain conditions which are entirely probable. This is well illustrated by a supposed case set out in the respondent's brief, where it is said: " Suppose that the will of the testatrix had read as follows, to wit: ' I give to my sister Elizabeth A. Bell, and to each of my nephews and nieces, one dollar, and the remainder of my estate to my sister Margaret E. Dwyer.' " Under the construction contended for by the appellants the witness would take the thirteen dollars willed to the other nephews and nieces and could not take more. In that event, the persons named in the will would not receive anything and the witness would not receive what she would have received as next of kin " in case the will was not established." The entire will would be wiped out and the residue of the estate might go to persons who were not named and the wishes of the testator would be entirely frustrated. The provision of the statute " shall be void so far only as concerns such witness " would be given no force or effect whatever and the will for all practical purposes would be void, not only " so far only as concerns such witness " but for all purposes, and the intent of the Legislature that the will should be valid as to all devisees and legatees except the subscribing witness would be overruled.

On the other hand, under the interpretation which the surrogate gave the will in question, the words of the statute " he shall recover the same of the devisees or legatees " could not receive a literal construction. The statute must be construed as it is written, and in order to work out a reasonable and consistent construction it is necessary to ascertain the controlling purpose of the statute and to construe it so that it will accomplish such purpose.

In determining the intent of the Legislature it is necessary, in the first instance, to ascertain the state of the law upon the subject before the statute was enacted, and then to ascertain

the purpose for which the statute was enacted and the result which it was intended it should accomplish.

It was the common law of England that where a legatee or devisee named in a will became a subscribing witness to it and it could not be probated without his testimony, the will was void. Many wills were drawn by laymen unfamiliar with this principle and cases frequently arose where great hardship was worked and the wishes of the deceased were entirely frustrated by the fact that a devisee or legatee named therein had acted as a subscribing witness to a will and it could not be probated without his testimony. To remedy the evils and hardships growing out of that situation a statute was enacted which deprived the witness of his interest as legatee or devisee under such a will, and thereby made him a competent witness. (25 George II, chap. 6; 2 Black. Com. 377; 4 Kent Com. [4th ed.] 508; Fowler's Decedent Estate Law, Ann. 223.) A statute to the same effect was enacted in this State, and was held to be peremptory and made a devise to a witness to a will void. (*Jackson* v. *Denniston*, 4 Johns. 311.)

Those statutes had the effect of saving the will but did not save to the witness anything from the estate. They saved to the other legatees and devisees the provisions made for them, but left the witness in a worse position than he occupied before the statutes were passed. (See Laws of 1787, chap. 47, § 6; R. A. of 1801, chap. 9, § 12; 1 K. & R. 180, § 12; R. L. of 1813, chap. 23, § 12; 1 R. L. 367, § 12; R. S. pt. 2, chap. 6, tit. 1, art. 3, §§ 50, 51; 2 R. S. 65, §§ 50, 51.)

The Legislature, for the purpose of overcoming this hardship, provided by statute, which took effect on January 1, 1830: " But if such witness would have been entitled to any share of the testator's estate, in case the will was not established, then so much of the share that would have descended, or have been distributed to such witness, shall be saved to him as will not exceed the value of the devise or bequest made to him in the will." (R. S. pt. 2, chap. 6, tit. 1, art. 3, § 51; 2 R. S. 65, § 51.) That statutory provision was finally embodied in section 27 of the Decedent Estate Law (Consol. Laws, chap. 13 [Laws of 1909, chap. 18], § 27).

These progressive steps by statute thereby cured the two evils, *first* by preventing the will from being declared void, and

*second* by saving to the witness the share which he would have inherited, not exceeding the value of the provision made for him in the will, " in case the will was not established."

We come now to the question as to where the share of the witness, saved to him, shall come from. Shall it come exclusively from the shares of the other devisees and legatees or shall it come from the unbequeathed residuary estate in cases where there is an unbequeathed residuary estate sufficient to pay it? In determining that question, it should be borne in mind that the residuary estate has been increased by the amount which, under the will, the testator attempted to give to the witness. Did the Legislature, by using the words " he shall recover the same of the devisees or legatees," intend that this should be his exclusive remedy, or did the Legislature intend that, in case the unbequeathed residuary estate should prove to be insufficient to pay the amount to which the witness might be entitled, he might then recover the difference of the devisees and legatees? Having in mind the history of the statutes and the purposes for which they were enacted, it seems to me that the reasonable, equitable and rational construction of the particular statute is that the witness should resort first to the unbequeathed residuary estate and, if that proves insufficient, he may then recover from the devisees and legatees. Unless that construction be given to the statute, we must impute to the Legislature, in a case like the supposed case I have mentioned above, the intent to deprive the legatees and devisees of the shares provided for them and of the intent to overthrow and make the will void, a purpose to prevent which the original statute was enacted. Surely, the Legislature could not have intended any such result as that.

Attention has been called to certain rules of statutory construction which it is claimed are offended by giving the statute the construction outlined above. Rules of statutory construction laid down by courts are only aids to be applied as they are available in the construction of statutes. In the construction of almost every statute which presents serious difficulties certain rules of construction suggested by courts have to give way to other rules of construction which are applied in the particular case in an effort to determine the legislative intent. In a case of this kind, courts must determine

the evil which the statute attempted to correct, ascertain the steps by which the different statutes attempted to bring about a cure of the evil, and, with that knowledge in view, place such a construction on the statute as will work out as nearly as may be the purposes which the Legislature had in mind in enacting it.

Under the method adopted by the surrogate, the persons named in the will receive the portions which the testator intended that they should receive, except the witness to the will, and she will receive the amount provided in the statute. The next of kin will not receive as much as they would if the witness should be required to collect her share from the legatees and devisees, but the testator did not intend that they should receive any part of her estate, as the will attempted to dispose of all of it.

In cases where the witness is not the residuary legatee, a different rule would have to be adopted and the share saved to the witness by the statute would have to be apportioned and deducted " in proportion to, and out of, the parts devised and bequeathed " as required by section 27 of the Decedent Estate Law. That was the course adopted in the case of *Mitchell* v. *Blain* (5 Paige, 588), which case construed the statute which made provision for a child of the testator born after the execution of a will. The words of the statute construed in that case (2 R. S. 65, § 49)* were nearly the same as the words of section 26 of the Decedent Estate Law and substantially the same as the words used in the last sentence of section 27 of the Decedent Estate Law.

The construction placed on the statute by the court below carries out the intention of the testator and that is what the law requires if it can be done without violating the statute. In the case of *Caw* v. *Robertson* (5 N. Y. 125), in construing another phase of this statute, it was said: " The will of the testatrix should be carried out as far as possible."

It is earnestly urged by counsel for the appellants, however, that the statute is so clear and unambiguous that there is no room for construction. In this I believe the learned counsel is in error. As already pointed out, the primary purposes of

---

* Subsequently amd. by Laws of 1869, chap. 22.— [REP.

the statute were, *first*, to save the will by making the legatee who witnessed it a competent witness, and, *second*, to save to such witness the share which he would have inherited " in case the will was not established," limited, however, to the amount attempted to be given to him under the will.  That part of the statute is clear, certain and definite.  It bestows upon such a witness a very valuable right.  The last sentence of section 27 attempts to give the witness a remedy by which the right may be enforced.  It cannot be possible that the Legislature, in attempting to provide a remedy, intended to take away the very right which it had granted.  That it might do so, if the statute be construed according to appellants' contention, is well illustrated in the supposed case referred to above.  In the supposed case the legacy to Margaret E. Dwyer would be void and, under appellants' contention, she could recover from the other legatees only thirteen dollars. By limiting the right of a witness to recover the share saved to him " of the  *  *  *  legatees  *  *  *  out of the parts *  *  *  bequeathed to them " the right granted to a witness by the statute might be destroyed.

It is an elementary rule of construction that a construction is favored which gives effect to every clause and every part of the statute, thus producing a consistent and harmonious whole.  A construction which would leave without any effect any part of the language used should be rejected if an interpretation can be found which will give it effect.  (*Matter of New York & Brooklyn Bridge*, 72 N. Y. 527, 530; *People ex rel. Gilmour* v. *Hyde*, 89 id. 11, 18; 36 Cyc. 1128.)  That part of section 27 which grants the right and saves the share to the witness is as clear and imperative as the part which provides a remedy.  The general purpose of the act should not be defeated because of a lack of harmony between the clauses.  The clauses should be harmonized so as to carry out the intent of the Legislature.  (*People ex rel. Jackson* v. *Potter*, 47 N. Y. 375; *Blaschko* v. *Wurster*, 156 id. 437, 443.)  It seems to me clear that the statute should be construed so as to save the right granted to a witness by the statute — to save to him his birthright, as the courts have expressed it.  That can be done by holding that the last sentence of section 27 provides a remedy but that such remedy is not exclusive.

If such construction expands or restricts the terms of said sentence, there is abundant authority to sustain such action. (23 Am. & Eng. Ency. of Law [1st ed.], 308; *Blaschko* v. *Wurster, supra.*) "A thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute is not within the statute, unless it be within the intention of the makers." (*People* v. *Utica Ins. Co.,* 15 Johns. 358, 381; *Riggs* v. *Palmer,* 115 N. Y. 506.)

The only case which I have been able to find which clearly construes the statute in question upon the point here involved is *Matter of Smith's Estate* (1 Tuck. 83). In that case Surrogate TUCKER said: "But * * * he [the witness] is still entitled to the same distributive share as if his father had died intestate; and the valid legacies * * * must each abate in proportion, *if necessary,* in order to make up the sum of this distributive share. * * * John B. [the son and witness] therefore takes one-fourth the distributive assets, and the remainder is to be divided in satisfaction of the legacies, each of which, as it now appears, must abate." In that case the one-fourth share to which John B. was entitled was more than the assets of the estate after deducting the valid legacies; therefore, the legacies were abated. The court below followed the same method followed by Surrogate TUCKER.

Both sides have cited the case of *Du Bois* v. *Brown* (1 Dem. 317). The report of that case is so confusing that it is difficult to determine just what the surrogate decided. If the case is in conflict with the decision in *Matter of Smith's Estate,* I prefer not to follow it.

The item of $500 directed by the testatrix to be paid for masses should not have been treated as a legacy, but as an expense and deducted in determining the net estate. That would reduce the share of Margaret E. Dwyer $125 and increase the share going to the next of kin by that amount. The decree should be modified in that respect, and as so modified affirmed, without costs.

All concur.

Decree modified in accordance with the opinion, and as so modified affirmed, without costs of this appeal to any party.