In the Matter of the Estate of CHARLES EHRLICH, Deceased.

Surrogate's Court, Queens County, February 25, 1936.

*Abraham Rimens,* for the executrix, Estelle Greene.

*Julius Braunschweig,* special guardian.

HETHERINGTON, S. Decedent died on August 7, 1933, survived by a daughter and son as his sole distributees. They were the sole witnesses to the execution of his will. Upon their testimony it was proved and admitted to probate. In the second paragraph he specifically devised to his daughter his house and lot known as 119–09 One Hundred and Seventh avenue, Richmond Hill. In the next paragraph he specifically devised to his daughter and son his house and lot known as 107–16 One Hundred and Twentieth street, Richmond Hill. To the children of his daughter and son, all of whom are infants, he gave his residuary estate. His daughter has filed her account as executrix, and in the petition for its settlement has included a request that the surrogate determine the interests of her brother and herself in decedent's real and personal property. It appears from the account that he died seized of the aforementioned parcels of realty and possessed of a personal estate consisting of cash amounting to $1,231.94. The fair value of the equity in the parcel which he attempted to devise to his daughter is stated to be $1,900. The equity in the other parcel is set forth as $1,100. Expenses incident to his last illness and burial, advanced by his daughter, amount to $692.89.

Section 27 of the Decedent Estate Law provides as follows:

" If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise, legacy, interest or appointment of any real or personal estate shall be made to such witness, and such will can not be proved without the testimony of such witness, the said devise, legacy, interest or appointment shall be void, so far only as concerns such witness, or any claiming under him; and such person shall be a competent witness, and compellable to testify respecting the execution of the said will, in like manner as if no such devise or bequest had been made.

" But if such witness would have been entitled to any share of the testator's estate, in case the will was not established, then so much of the share that would have descended, or have been distributed to such witness, shall be saved to him, as will not exceed the value of the devise or bequest made to him in the will, and he shall recover the same of the devisees or legatees named in the will, in proportion to, and out of the parts devised and bequeathed to them."

In view of the fact that decedent's will could not be· proved without the testimony of petitioner and her brother, the devises to both of them are void. These void devises fall into and become a part of the residue (*Cruikshank* v. *Home for Friendless,* 113 N. Y. 337, 354; *Moffett* v. *Elmendorf,* 152 id. 475, 485; *Albany Hospital* v. *Albany Guardian Society,* 214 id. 435, 445; Dec. Est. Law, § 14), unless upon a reading of the entire will it can be said that the clear intention of the decedent was to make his grandchildren legatees and devisees of a particular residue. (*Morton* v. *Woodbury,* 153 N. Y. 243, 254 *et seq.; Matter of Eustis,* 140 Misc. 344.) Here the residuary clause provides that "All the rest, residue and remainder of my property and estate, of whatsoever nature and wheresoever situate, which at the time of my death shall belong to me or be subject to my disposal by will, I give, devise and bequeath unto my beloved grandchildren me surviving, share and share alike, to be theirs absolutely and forever." I find no special words indicating an intention to limit the residuary clause to a particular residue and, therefore, hold that these void devises become a part of the general residue. (*Morton* v. *Woodbury, supra; Matter of Eustis, supra.*)

However, under the terms of the statute, the shares of petitioner and her brother which they would have taken in intestacy are saved to them, not exceeding, however, the value of the provisions respectively made for them in the will.

It appears from the account that the value of the realty is $3,000. Cash on hand amounts to $1,382.23. After deducting the expenses advanced by the petitioner in connection with decedent's last illness and burial amounting to $692.89, and for which she may have reimbursement, counsel fees, which are fixed and allowed at $200, inclusive of disbursements and special guardian's compensation of $25, the cash available for distribution amounts to $464.34. Had decedent's will not been proved, petitioner and her brother would have shared equally in the cash remaining and succeeded to an equal interest in both parcels of realty. The cash value of the entire intestate share of each amounts to $1,732.17. In the case of petitioner the total value of the devises made to her is $2,450. Thus, her intestate share is $717.83 less than the value of her devises. In the case of her brother the reverse is true. His intestate share exceeds the value of his devise by $1,182.17. Under the provisions of the statute as I construe it, petitioner's intestate share, being less than the value of the devises, is entirely saved to her, whereas, in the case of her brother, the excess of his intestate share over the value of his devise amounting to $1,182.17, cannot be recovered by him. The statute provides that so much as is

saved to the witness shall be recovered of the devisees or legatees named in the will, who in this instance are the decedent's grandchildren, the residuary legatees and devisees of his entire estate. The manner of applying the statute to the situation presented here is none too clear. At least the method employed in *Matter of Dwyer* (192 App. Div. 72) cannot be used. As I understand the statute, the witness recovers a share in decedent's real and personal property equivalent to that saved to him by its terms. The only method that I believe accomplishes this is to find the ratio between the value of the share saved to the witness and decedent's net estate computed on a cash basis. Employing this formula, I find that the son takes an interest in his father's real and personal property equivalent to fifteen per cent plus, the daughter fifty per cent and the grandchildren thirty-five per cent minus. For practical purposes I shall consider the interest of the son as fifteen per cent and the grandchildren as thirty-five per cent. Reducing these percentages to fractions I shall hold that the interested parties share in decedent's real and personal property as follows: his son three-twentieths; his daughter ten-twentieths and the grandchildren seven-twentieths. Submit decree on notice settling the account and directing distribution accordingly.