In the Matter of the Estate of MARTIN SMITH, Deceased.

Surrogate's Court, Westchester County, September 29, 1937.

*Herbert Shiff*, for the petitioner, Emma A. Alverson.

*Wallin, Beckwith & Edie*, for the executors.

SHEILS, S. The executors have filed an answer in which it is alleged that, in the probate proceedings herein, the petitioner was a necessary witness to the probate of the will and testified as such to secure its probate; that, by reason thereof, the legacy of $3,000, given to her in a codicil to the said will, is void by virtue of section 27 of the Decedent Estate Law; and that the petitioner is not interested in the estate or entitled to the payment of any legacy or to compel an accounting by the executors.

The facts are these: On July 24, 1935, the decedent, a resident of Yonkers, N. Y., executed his will. The will revoked all former wills; directed that his just debts and funeral expenses be paid; gave instructions as to interment and the erection of a suitable monument and headstone; gave to his daughter, Elizabeth S. MacDougal, his automobile and dishes; to his son, Martin Smith, Jr., his jewelry, clothing and personal effects, and to his said son and daughter his household furniture and furnishings, to be equally divided; gave to the son all moneys which testator had advanced or loaned to him, and then divided the residue of his estate in the proportion of two-thirds to his daughter, Elizabeth S. MacDougal, and one-third to his son, Martin Smith, Jr. Elizabeth S. MacDougal and Martin Smith, Jr., were named as executors without bond. The will contained the usual attestation clause and was signed in the presence of Walter B. J. Mitchell, the attorney who prepared the will, and Emma A. Alverson, this petitioner.

On February 17, 1936, the decedent executed a codicil to said will in the following language:

" In the name of God, amen.

" I, Martin Smith, residing in the City of Yonkers, County of Westchester and State of New York, being of sound mind, memory and understanding, do make, publish and declare this instrument to be a codicil to my Last Will and Testament in the manner following:

" *First.* I give and bequeath to Emma A. Alverson, a very dear friend of the family for many years, the sum of Three thousand ($3,000.00) dollars."

This paper was prepared by the same attorney who prepared the will. It contained the usual attestation clause and was signed at the end thereof by Lawrence B. Faiella and Helen V. Smith, as attesting witnesses.

The decedent died June 16, 1936. Thereafter, a petition was presented by Elizabeth S. MacDougal, one of the executors named in said will, for the probate of the will and for the denial of the probate of the codicil. After various adjournments, the objections to the probate of the codicil were withdrawn and, on September

24, 1936, the then surrogate rendered a decision finding that the said will and codicil were executed in the manner required by section 21 of the Decedent Estate Law and directing that the same be admitted to probate. A decree was accordingly entered on September 25, 1936, and on the same day letters testamentary were issued to the executors named in said will.

In the estate tax proceedings, the estate, consisting of real estate, stocks, bonds and other securities, was appraised at $93,631.34 gross, and $54,109.33 net.

The question is whether this petitioner, a witness to a will under which she derived no interest, loses a bequest made to her in a codicil to the will, which codicil was subsequently made and to which the petitioner was not a witness.

Section 27 of the Decedent Estate Law, so far as material here, provides as follows:

" § 27. Devise or bequest to subscribing witness. If any person shall be a subscribing witness to the execution of any will, wherein any beneficial devise, legacy, interest or appointment of any real or personal estate shall be made to such witness, and such will cannot be proved without the testimony of such witness, the said devise, legacy, interest or appointment shall be void, so far only as concerns such witness, or any claiming under him; and such person shall be a competent witness, and compellable to testify respecting the execution of the said will, in like manner as if no such devise or bequest had been made."

Under the common law of England, where a legatee or devisee named in a will became a subscribing witness to it and it could not be probated without his testimony, the will was void.

In *Matter of Dwyer* (192 App. Div. 72, at p. 76) the court said:

" It was the common law of England that where a legatee or devisee named in a will became a subscribing witness to it and it could not be probated without his testimony, the will was void. Many wills were drawn by laymen unfamiliar with this principle and cases frequently arose where great hardship was worked and the wishes of the deceased were entirely frustrated by the fact that a devisee or legatee named therein had acted as a subscribing witness to a will and it could not be probated without his testimony. To remedy the evils and hardships growing out of that situation a statute was enacted which deprived the witness of his interest as legatee or devisee under such a will, and thereby made him a competent witness. (25 George II, chap. 6; 2 Black. Com. 377; 4 Kent Com. [4th ed.] 508; Fowler's Decedent Estate Law, Ann. 223.) A statute to the same effect was enacted in this State, and was held to be peremptory and made a devise to a witness to a will void. (*Jackson* v. *Denniston,* 4 Johns. 311.)

" Those statutes had the effect of saving the will but did not save to the witness anything from the estate. They saved to the other legatees and devisees the provisions made for them, but left the witness in a worse position than he occupied before the statutes were passed. (See Laws of 1787, chap. 47, § 6; R. A. of 1801, chap. 9, § 12; 1 K. & R. 180, § 12; R. L. of 1813, chap. 23, § 12; 1 R. L. 367, § 12; R. S. pt. 2, chap. 6, tit. 1, art. 3, §§ 50, 51; 2 R. S. 65, §§ 50, 51.)

" The Legislature, for the purpose of overcoming this hardship, provided by statute, which took effect on January 1, 1830: ' But if such witness would have been entitled to any share of the testator's estate, in case the will was not established, then so much of the share that would have descended, or have been distributed to such witness, shall be saved to him as will not exceed the value of the devise or bequest made to him in the will.' (R. S. pt. 2, chap. 6, tit. 1, art. 3, § 51; 2 R. S. 65, § 51.) That statutory provision was finally embodied in section 27 of the Decedent Estate Law (Consol. Laws, chap. 13 [Laws of 1909, chap. 18], § 27).

" These progressive steps by statute thereby cured the two evils, *first*, by preventing the will from being declared void, and *second*, by saving to the witness the share which he would have inherited, not exceeding the value of the provision made for him in the will, ' in case the will was not established.' "

A codicil is defined to be a written supplement or addition to an already executed will. Its purpose is to change, add to, enlarge or restrict, or annul the provisions of the will to which it refers, or it may revoke the will altogether. It is, in reality, merely a little will. (7 Heaton [5th ed.], p. 3; *Matter of Greenberg*, 141 Misc. 874, 881; *Matter of Miller*, 119 id. 4.) It is to be taken as a part of the will, all making but one testament. (*Bloodgood* v. *Lewis*, 209 N. Y. 95, 103; Dec. Est. Law, § 2.)

The executors contend that the codicil in this case is not an independent testamentary instrument which can stand separate and apart from the will; that by its terms the testator stated that the instrument was a codicil to his will; that it cannot be separately proven while the will exists; that to give it validity, the will must be proven and, to prove it, this petitioner is a necessary witness.

There is no doubt that the testimony of Emma A. Alverson was necessary to the probate of the will itself. Does this fact bar her as a legatee under the codicil? I think not. What would be the effect if the will itself, for any cause, were incapable of being proven as such? Would the codicil also fall?

It was undoubtedly the intention of the testator that this instrument, the codicil, should operate in connection with the will and should be an addition thereto.

In *Matter of Campbell* (170 N. Y. 84, 87) the court said: " The object of the Statute of Wills is to effectuate that which is proved to be the last will of a deceased person. To that end, it prescribes certain formalities of execution, whereby the possibility of imposition, or of fraud, is minimized. When a codicil is executed with those formalities, it is a final testamentary disposition and the will, to which it is shown to be the codicil, if itself an existent and a completed instrument, according to the statute, is taken up and incorporated; so that the two taken together are deemed to, and necessarily do, express the final testamentary intentions."

*Matter of Emmons* (110 App. Div. 701) is a case where the testator attempted to execute his holographic will, making his mother the sole legatee and devisee. It was executed by him in the presence of only one witness. Thereafter he properly executed a " codicil to my last will and testament, bearing date ————, 190–." The surrogate admitted both papers to probate. An appeal was taken. The Appellate Division reversed the decree appealed from in so far as it admitted to probate the paper purporting to be the will and in all other respects affirmed the decision of the surrogate. In its opinion the court said:

" A codicil may modify the provisions of a will or supersede them entirely, or simply add to the disposition by introducing new beneficiaries. A validly executed will may have been lost and be incapable of proof, and yet the codicil, so far as it goes, is operative. (*Newcomb* v. *Webster*, 113 N. Y. 191.) A codicil executed according to the formalities of the statute is a final testamentary disposition, and if there be an existent and complete will, it takes it up and incorporates it. (*Matter of Campbell*, 170 N. Y. 84.) If, however, there be no such existent and validly executed will, and if the codicil be so complete in itself as to be capable of execution, then it must necessarily stand and be given the force of valid testamentary disposition.

" The codicil in question, so far as it goes, is entirely complete. The carrying out of its provisions in no sense depends upon the will to which it attempts to refer. It simply carves out of the estate a legacy and bequeaths it to an individual capable of taking. Besides, the instrument appoints executors of the testator's estate. If it contained no other provision, this would alone entitle it to probate. (*Matter of Davis*, 105 App. Div. 221; affd., 182 N. Y. 468.) " (See, also, *Matter of Steiner*, 142 Misc. 710.)

In the brief of the executors they rely to some extent on *Matter of Nokes* (71 Misc. 382). In that case the court found that the will of the testatrix had been destroyed by her *animo revocandi*. On an application to admit the codicil to probate the court held that the propounded paper was not declared as a will and that

without that solemnity it could never become one; that it was published as a codicil and was by that act denied any legal meaning or value except such as it might derive from the former will and might enjoy in connection therewith; and that it could not be granted probate when the instrument by which it was supported had been revoked. This case has no bearing upon the facts in the instant case.

Upon facts not unlike the *Nokes* case, the late Surrogate FOWLER said in *Matter of Francis* (73 Misc. 148, 160, 161):

" But it is urged on me that it has been held by the surrogate for Kings county that a codicil never has an independent existence as a testamentary disposition, and that where a will has been revoked an instrument purporting to be a codicil to such will is not probative. *Matter of Nokes*, 71 Misc. Rep. 382. On an examination of that decision I do not find warrant for so extensive an assertion. The learned surrogate for Kings county distinctly states in substance in his opinion that it is conceivable that an instrument called a codicil may under some circumstances be an independent and self-sufficient will. Upon the facts before him he found that the particular codicil offered to him for probate had no such independent existence. This is all I make out of that case.

" That a ' codicil ' may now, under some circumstances, be separately probated as an independent testamentary instrument under the existing Statute of Wills of this State, I entertain no doubt. The mere name of ' codicil ' has no deterrent effect on its probative quality. Any writing may be a will if executed pursuant to the Statute of Wills *animo testandi*. I lately so held in the case of a mere letter, which the exigency of a precarious human existence compelled the testatrix to convert into her will. So any supplemental or posterior writing, if executed pursuant to the Statute of Wills *animo testandi*, continues to be a codicil. ' Will ' and ' codicil ' are ancient terms of the great system of jurisprudence which is binding in its entirety on the surrogates. The meaning of such terms is to be found in the same body of law, needless at this time, to define in its content or extent. The Statute of Wills contemplates the existence and employment of ' codicils ' (2 R. S. 68, 71, now § 2, Decedent Estate Law) as does the present ' Surrogate's Law ' (Code Civ. Pro. § 2514, subd. 4). This is in conformity with the old law of wills (1 R. L. of 1813, 364, § 20), embracing the Statute of Wills (32 Hen. VIII) and the Statute of Frauds (29 Car. II), both once in force in New York.

" I find no warrant in the existing law of New York for the statement that a testamentary writing, executed pursuant to the Statute of Wills *animo testandi*, is not independently probative because it is termed a codicil or is in fact a codicil.'

In the *Francis* case, probate of the codicil was denied because the provisions of the will were " so complicated with and dependent upon each other as to have no separate and independent existence," and thereby the revocation of the will *ipso facto* revoked the codicil. These are not the facts here.

1 Schouler on Wills, Executors and Administrators (§ 534, p. 612), speaking of the competency of witnesses to a will, says: " The interest to disqualify means at the time of the attestation, and the fact that a witness subsequently became interested under a codicil is immaterial." In a foot note to the same volume, at page 614, it is stated that " section 15 of the act of Victoria [Statute of Wills] annuls every beneficial devise, legacy, interest, gift, etc., to any attesting witness, or the wife or husband of such witness. The annulment applies of course only *to the instrument actually attested, and not so as to invalidate one's interest under another will or codicil. Tempest* v. *Tempest,* 2 Kay & J. 635; *Denne* v. *Wood,* 4 L. J. 57." (Italics mine.)

It is said that, under the laws of England, a gift by will to a legatee is not forfeited by his attesting a codicil confirming the will. The English decisions summarizing this view are aptly set forth in *Trotter* v. *Trotter* (L. R. 1 Ch. 764 [1899]). In that case, Charles Vaughan Trotter, by his will, appointed one John Trotter, a solicitor, as one of his executors and trustees and directed that his said trustee, John Trotter, notwithstanding his acceptance of the trusteeship, should be allowed all professional and other charges for his time and trouble, which, if employed as solicitor to his trustees, not being himself a trustee, he would be entitled to make. John Trotter was one of the attesting witnesses to the will. Three years later the testator made a codicil to his will, referring to it, and making an additional bequest to a niece in substitution for a bequest in the will. This codicil was not attested by John Trotter. Later, the decedent made a second codicil to his will by which he made an alteration in the dispositions of his will, and then proceeded to approve and confirm his will and first codicil in every other detail and respect. This second codicil was attested by John Trotter. It was admitted that, had the will stood alone, John Trotter would not have been entitled to charge for profit costs, as he was one of the attesting witnesses to the will, and the question was whether the duly attested first codicil re-established the gift in the will and whether John Trotter had lost the benefit of this gift by reason of his having subsequently attested the second codicil. The court said: " Had the matter rested on the will and first codicil alone, it is clear upon the authority of *Anderson* v. *Anderson* (L. R. 13 Eq. 381) that John Trotter would have been

entitled to the benefit of profit costs. But the question remains whether or not he is so entitled, having regard to his attestion of the second codicil. The ground of decision in the case of *Anderson* v. *Anderson* (*supra*) was that, as had been held in *Allen* v. *Maddock* (1858 — 11 Moo. P. C. 427), the due execution by a testator of a codicil amounts to a republication of a former will, if the codicil refers to such former will, and that without any regard to the fact whether or not the paper referred to complied with the requirements of the law as to execution or attestation of such paper, and the Vice Chancellor held that it would be as much beyond the provisions and the contemplation of the statute as it would be opposed to good sense and reason to hold that the codicil duly executed and attested had not the effect of republishing the will and making it a new and original disposition by the testatrix, at the date of the codicil, of the estate which she had dealt with by the will. In *Gurney* v. *Gurney* (3 Drew. 208) the testator had given benefits by his will to two persons who did not attest the will, but who did afterwards attest two codicils. KINDERSLEY, V.-C., decided that the word ' thereby ' in section 15 of the Wills Act must be construed to mean, by the same testamentary instrument which is attested, and that it does not apply to the case where a legatee has not attested the same instrument under which he takes. This points to the will and codicil being treated as separate instruments for the purpose of ascertaining whether or not an attesting witness to either of such instruments can take. In the case of *Re Marcus* (57 L. T. 399) NORTH, J., on the authority of *Gurney* v. *Gurney* (*supra*), held that a legatee who had witnessed a will and codicils could not take, but that another who had not witnessed the will by which the benefit was given, but who had witnessed the codicils, could take, and the learned judge applies the same test which was applied in *Gurney* v. *Gurney* (*supra*) in reference to the legatee who witnessed the will and both codicils. He says: ' As he cannot point to an instrument under which he claims which he did not witness, I think he cannot take.' *Allen* v. *Maddock* (*supra*) shews that an instrument invalid in itself as a will may be incorporated and rendered valid by a subsequent codicil duly and validly attested and referring to the will, the two documents taking effect as one instrument. *Gurney* v. *Gurney* (*supra*) and *Re Marcus* (*supra*) shew that gift by will not witnessed by a legatee is not rendered invalid as to the gift to such legatee by reason of his attesting a subsequent codicil; and *Anderson* v. *Anderson* (L. R. 13 Eq. 389) decides that, upon the principle laid down in *Allen* v. *Maddock* (57 L. T. 399), a gift by will to the husband or wife of an attesting witness (which stands on the same footing as

if the gift had been to the attesting witness), though invalid if the will had stood alone, is valid if by a subsequent codicil, not attested by the husband or wife of the legatee, the testator has referred to his will in making his codicil, thereby incorporating and republishing his will with the new codicil. I think that these points in respect of wills made since the Wills Act have been thus established. (1.) That a will invalid in itself may operate as a valid instrument when referred to and incorporated in or with a subsequent and validly-executed codicil. (2.) That a valid gift by will to a legatee is not rendered invalid by reason of his subsequently attesting a codicil, although the codicil has the effect of republishing and incorporating the will. (3.) That, although a gift by a valid will to an attesting witness is utterly null and void, such gift may be rendered effectual if the will is republished by a codicil referring to the will but not attested by the legatee. (4.) That the legatee must be able to point to an instrument giving him his legacy not attested by himself before he can establish his right to his legacy. Bearing in mind these principles, the question appears to be whether or not John Trotter can point to an instrument not attested by himself and giving him the benefit he claims. It cannot be to the will alone, for though a valid instrument it is utterly null and void so far as the disposition in his favor is concerned. But, just as had the original will been altogether void he would have been able to point to a codicil republishing and incorporating the whole of it, and as validating the whole of the dispositions intended to be made by the will, so in like manner I think he can point to the first codicil republishing and incorporating an instrument valid as to some of its dispositions, but invalid as to the dispositions in his favour, as being the instrument under which he claims. I think that the true view is that, where the original gift is by the operation of s. 15 of the Wills Act utterly null and void, the will is *pro tanto* null and void, as it would have been, if unattested, null and void altogether; and that, just as in the latter case the whole will would, if referred to in a duly-executed and duly-attested codicil, operate in its entirety as from the date of the codicil, so where void in part as to its dispositions by reason of improper attestation, it will, so far as void, operate for the first time by the incorporation and republication effected by the due execution of the codicil. I think that John Trotter is entitled here to point to the first codicil as the instrument conferring upon him the benefit in question, inasmuch as that codicil incorporates the whole will, including the originally void disposition, and that this being so, upon the authority of *Gurney* v. *Gurney* (3 Drew. 208) and *Re Marcus* (*supra*), he has not lost this benefit by reason of his having subsequently attested the second codicil."

*Matter of Johnson* (37 Misc. 334) was decided upon facts converse to those in the instant case. In that case a petition was presented for the probate of a will. The petition filed made no mention of the codicil, and the proponent offered simply the evidence of the subscribing witnesses to the will and asked for its admission to probate. Upon the return of the citation, objections were filed to the probate upon the ground that there was a codicil to the said will and that proof and probate of the said will were improper unless proof was given to the codicil. The codicil was indorsed upon the will and the subscribing witnesses to it were the principal beneficiaries under the will. It was, therefore, claimed that the legacies to the witnesses who subscribed the codicil were void. The court said:

" I think the will is entitled to probate without the codicil being proven, or established; it is not necessarily a part of the proponents' case; it was not necessary for the proponents in order to prove the will, or ask for its probate to introduce proof as to the codicil.

" I am of the opinion, however, that a beneficiary does not lose his rights under a will, in consequence of his being an attesting witness to a codicil, ratifying and confirming the will, or by reason of his giving evidence as such. I have not been able to find any decision in point in this State; yet there is English authority on the subject which sustains my view. *Denne* v. *Wood,* 4 L. J. Ch. 57; *Tempest* v. *Tempest,* 2 Kay & J. 635.

" It has been said that a bequest of a legacy is not void because the legatee attests a codicil which gives him nothing; neither does a residuary legatee of a share of the residue lose his title by attesting a codicil. *Gurney* v. *Gurney,* 3 Drewry, 208; *Marcus* v. *Marcus,* 57 Law Times, 399.

" In the case at bar no provision is made for the subscribing witnesses in the codicil; if the said witnesses had attested the will, and were necessarily sworn upon a hearing for its probate, undoubtedly the bequest or devise to them would be void; but this will could be and was proved without the evidence of either of said beneficiaries, and the legacy to them is valid, and the will entitled to probate.

" They were not witnesses to the execution of the will within the scope and meaning of the statute above referred to; neither was their evidence necessary to establish the will. Had they been sworn they would have testified to the signing and attesting of the codicil, not to the execution of the will. They attested only the instrument to which they put their names.

" The legacy to a subscribing witness to a will is not void where the will can be proven without the testimony of the witness, as

where such witness is a nonresident of the State, and the testimony of the other subscribing witness can be obtained. *Cornwell* v. *Wooley*, 4 Abb. Pr. (N. S.) 40; *Caw* v. *Robertson*, 5 N. Y. 125.

" This will has been proven by the unchallenged evidence of the two subscribing witnesses. The codicil, indorsed thereon, subscribed by the two principal beneficiaries named in the will, has not been offered for probate, excepting as urged by the objections.

" I have come to the conclusion herein that in order to obtain probate of this will it is not necessary for the proponents to offer and establish the codicil; and, again, if it were necessary, and had the subscribing witnesses to the codicil been sworn as such, it would not have rendered the provision for their benefit in the will void."

The decision in the above case seems to be in accord with the laws of England, which hold that a gift is only avoided where the witness has attested the instrument *under which he takes*. In the instant case the petitioner was a subscribing witness to the will under which she took nothing. She was not a subscribing witness to the codicil, which made a gift of $3,000 to her.

I am of the opinion that the bequest of $3,000 to Emma A. Alverson *under the codicil of the will* of this decedent is a valid gift and that it is not voided because of the fact that she was one of the subscribing witnesses to the will itself. The cases cited are sufficient, in my opinion, to sustain this view.

The prayer of the petition is granted and an order may be entered requiring the executors to account in twenty days and, in their accounting, to include this petitioner as a legatee and, therefore, a necessary party thereto.

Settle order on notice.