## CIRCUIT COURT OF THE CITY OF NORFOLK

Betty Rosemond Lipps Russell et al.

v.

John Douglas Lipps, etc.

December 16, 2004

Case No. (Chancery) CH04-1277

BY JUDGE CHARLES E. POSTON

Today the Court holds that under the circumstances presented, a codicil may be admitted to probate in the absence of the production of the last will and testament.

### Facts

Mary B. Lipps, a resident of Norfolk, Virginia, died on December 13, 2003. At the time of her death, Ms. Lipps was divorced and left four surviving adult children: John Douglas Lipps, Martha Ann Ford, Betty Russell, and Norman Lipps.

Prior to her death, on October 25, 2002, the decedent executed a Last Will and Testament. A writing purporting to be a copy of the Last Will indicates the will was executed in accordance with Virginia Code § 64.1-49. In particular, the Last Will was in writing; appears to have been signed by the decedent in the presence of two competent witnesses, Brenda L. Betts and Shelby L. Hunt; and apparently all witnesses and the decedent signed the will in the presence of Diana S. Turner, a Notary Public appointed in Virginia.

The alleged copy of the Last Will consists of two pages and is divided into eight articles. Articles I, II, VI, and VII designate a specific beneficiary or personal representative; while the remaining articles are standard will provisions. Article III directs the Personal Representative to pay costs out of the residuary estate; Article IV directs payment of all taxes out of the residuary

estate; Article V consists of a no contest clause; and Article VIII sets forth the powers of the Personal Representative. More specifically, Article I states "the purpose of the Will is to benefit John Douglas Lipps." Article's II and VI bequeath the decedent's entire estate to John Douglas Lipps, and in the event that he does not survive the decedent, to Sharon Hillstrom, the decedent's granddaughter. Like the decedent's four children, Sharon Hillstrom also survived the decedent. Finally, Article VII nominates and appoints John Douglas Lipps to act as Personal Representative, and, in the event that he cannot serve, Sharon Hillstrom is nominated to serve.

On June 26, 2003, the decedent executed a Codicil to the Last Will. In accordance with § 64.1-49, the original Codicil is in writing, was signed by the decedent in the presence of Karen L. Shaver and Kerry Pokines, and was attested to before Tricia Hamm, a Notary Public duly appointed in Virginia. Even though the writing explicitly states that it is a "codicil to the last will and testament of Mary B. Lipps" it is similar to the Last Will in that it consists of two pages, and is typed in the same font and format.

By this Codicil, the decedent amended three of the eight original articles of the Last Will. The decedent first amended Article I by stating that "[t]he purpose of this Will is to benefit Sharon R. Hillstrom." Second, the decedent modified Article II and Article VI so that Sharon Hillstrom was the sole beneficiary of the decedent's estate, while John Douglas Lipps was made the contingent beneficiary. Finally, the decedent confirmed the remaining articles of her Last Will, including the designation of John Douglas Lipps as her Personal Representative. After the decedent executed the Codicil, John Douglas Lipps states that he destroyed the Last Will, without the knowledge and direction of the decedent, in the mistaken belief that it was no longer needed.

Following the decedent's death, John Douglas Lipps presented the original Codicil for probate to the Probate Clerk of the Norfolk Circuit Court. On February 17, 2004, the Probate Clerk advised John Douglas Lipps that the Codicil would not be accepted for probate unless the Court ordered that the copy of the decedent's Last Will be recorded.

On March 26, 2004, the Plaintiffs, Betty Russell and Norman Lipps, filed a List of Heirs/Real Estate Affidavit asserting that the decedent died intestate. In response, on May 3, 2004, John Douglas Lipps filed with the Norfolk Circuit Court a Verified Petition to Admit a Copy of the Last Will and Testament and Original Codicil of Mary B. Lipps to Probate, Chancery Number 04-1122. In this Verified Petition, John Douglas Lipps asked the Court to order that both the copy of the decedent's Last Will and the original Codicil be admitted to probate.

On May 21, 2004, the Plaintiffs filed a Bill of Complaint in the Norfolk Circuit Court alleging that, since the decedent's original Last Will could not be found, there is a presumption that it was destroyed with the intention to revoke it; that the Codicil cannot stand alone as a testamentary instrument; and therefore the decedent died intestate and her estate must be distributed accordingly. On June 16, 2004, the Court ordered that both cases be consolidated.

*Analysis*

When a will cannot be found after the testatrix's death, the law presumes that it was destroyed by the testator *animo revocandi. Shacklett v. Roller*, 97 Va. 639, 640, 34 S.E. 492, 492 (1899). This presumption, however, may be rebutted by competent evidence showing that the testator did not destroy the will with the intention of revoking it. *Jackson v. Hewlett*, 114 Va. 573, 576, 77 S.E. 518, 519 (1913). In the case at bar, the parties concede that, since the decedent's original Last Will cannot be found, there is a presumption that she intended to revoke it. Without determining whether the proponents of the will can overcome this presumption, the Court now considers whether the Codicil should be admitted to probate even in the absence of the original Last Will.

This appears to be a case of first impression in the Commonwealth.[1] Courts in other states facing the question of whether the absence or revocation of a will affects its codicil have decided it upon the basis of the testator's intent. *In re Cuneo's Estate*, 60 Cal. 2d 196, 202, 384 P.2d 1, 4 (1963). Where the document satisfies the legal requirements of a testamentary instrument, the

---

[1] The Supreme Court of Virginia addressed a similar issue almost two hundred years ago in *Bates v. Holman*, 13 Va. (3 Hen. & M.) 502 (1809). In *Bates*, the testator had made a will in 1799 and then in 1803 authored another that he signed and under his signature made and signed a "postscript" stating "I revoke all other wills heretofore made by me." He later cut off his signature to the 1803 will but left the "postscript" as written and signed. On appeal from the District Court judgment admitting the first will to probate, it was contended that the revocatory clause, although on the same piece of paper as the second will, which had been revoked, nevertheless had not been itself revoked, and was still effective to revoke the first will. The court, in reversing the lower court and holding the first will revoked, stated that the "postscript" was separately signed by the testator "as an express statutory revocation of all former wills made by him, utterly independent of, and unconnected with, his second will; and by the maker left in full force, at the time of canceling that second will, and remaining in full force at the time of his death." *Id.* at 517

discernible intent of the testator as to which instrument or instruments constitute the final testamentary expression must govern. *Id.* However, if intent cannot be determined, the codicil will only be deemed effective where it is capable of standing as a separate, independent testamentary instrument. *Matter of Smith,* 165 Misc. 36, 300 N.Y.S. 1057 (N.Y. Surrogate Ct. 1937) ("if there be no such existent and validly executed will and if the codicil be so complete in itself as to be capable of execution, then it must necessarily stand and be given the force of valid testamentary disposition."); In *In re Ayres,* 43 N.E.2d 918 (Ohio App. 1940) ("we find very respectable authority that, under certain conditions, a will and codicil may be so independent of each other that either may stand alone."); *O'Neill's Estate,* 58 Pa. D. & C. 351 (Orphan's Ct. 1946) ("[o]ur courts have long recognized that, where a will has been partially lost or destroyed, the court may admit to probate those parts or provisions which are sufficiently proved when they are separable from the remainder and independently enforceable."); *In re Sapery,* 28 N.J. 599, 147 A.2d 777 (1959) ("to the extent that a codicil may stand independently of its will, the revocation of the will does not include the codicil); *In re Cuneo's Estate,* 60 Cal. 2d 196, 384 P.2d 1 (1963) (a codicil "which is a complete testamentary instrument in all respects is not dependent upon the continued existence of its basic will to retain its testamentary character."). If it be conceivable that an instrument self-called a "codicil" may be found to be a will and may be afforded testamentary force and probate in the absence of the will to which it related, such result can only be reached upon proof that the instrument is actually an independent and self-sufficient will. *Matter of Nokes,* 71 Misc. 382, 383, 130 N.Y.S. 187 (1911).

It is essential to a valid will that there be testamentary intent. *Thomas v. Copenhaver,* 235 Va. 124, 365 S.E.2d 760 (1988). Testamentary intent means that the writing offered for probate must have been executed by the testator with the intent that such writing takes effect as her last will. *Thompkins v. Randall,* 153 Va. 530, 537-38, 150 S.E. 249, 251 (1929). Although no particular form is necessary, testamentary intent must be ascertained from the face of the document, not from extrinsic evidence. *Mumaw v Mumaw,* 214 Va. 573, 577, 203 S.E.2d 136, 138-39 (1974).

The Plaintiffs argue that the Codicil cannot stand alone because it lacks the requisite supporting testamentary intent. They contend that, when the decedent executed the Codicil on June 26, 2003, she intended to form a single comprehensive testamentary scheme with the Last Will. Therefore, they assert, since reading either the Codicil or the Last Will alone would violate the decedent's testamentary intent, the Codicil cannot have any validity without first proving the Last Will.

The Court holds that the Codicil is an entirely complete testamentary writing. First, the Last Will and the Codicil are two different instruments, both separately executed. Under the Last Will, the decedent intended to benefit John Douglas Lipps by bequeathing her entire estate to him. In the Codicil, the decedent changed her intentions to benefit Sharon Hillstrom alone. Second, carrying out the Codicil's provisions in no sense depends upon the Last Will to which it refers. It simply carves out the decedent's entire estate and bequeaths it to an individual capable of taking. Manifestly, the Codicil is testamentary in character and on its face expresses the testatrix's intentions clearly and completely.

The Plaintiffs also argue that the Codicil cannot be admitted to probate simply because it contains the term "codicil." The Court disagrees and finds that the mere label "codicil" is no impediment to its probative quality. There is no warrant in the existing law of Virginia for the statement that a testamentary writing is not independently probative because it is styled a codicil or is in fact a codicil.

It is clear from the terms of the Codicil that the decedent intended it to take effect as her last will. The Codicil is self-sustaining in that it is a separate testamentary instrument and not necessarily dependent upon the proof or establishment of the will; nor are its provisions so involved with those of the will as to render it incapable of independent application. Consequently there is no valid objection to its being probated as a separate testamentary instrument.

The Court holds that the decedent intended the Codicil to be a separate testamentary instrument. Therefore the Codicil is a valid will and may be admitted to probate.